STATE OF MAINE                          SUPERIOR COURT
PENOBSCOT, SS.                          CIVIL ACTION
                                        Docket No. CV-02-113
                                        JLH - PEN- 12/18

FILED & ENTERED
SUPERIOR COURT
DEC 18 2002
PENOBSCOT COUNTY

Nancy Seile,
        Plaintiff

        v.                                      Order on Plaintiff's Motion for
                                                Summary Judgment

Julie Adams,                            DONALD L. GARBRECHT
        Defendant                               LAW LIBRARY


                                                DEC 20 2002

        Pending before the court is the plaintiff's motion for summary judgment. The
court has considered the parties' rule 56(h) submissions, their written arguments and
other material filed in connection with this motion.

        Summary judgment is proper only if the record on summary judgment shows that
there are no genuine issues of material fact and that the movant is entitled to judgment as
a matter of law. *See* M.R.Civ.P. 56. To survive a motion for a summary judgment, the
opposing party must produce evidence that, if produced at trial, would be sufficient to
resist a motion for a judgment as a matter of law. *Rodrigue v. Rodrigue*, 1997 ME 99, ¶8,
694 A.2d 924, 926. "'A fact is material when it has the potential to affect the outcome of
the suit.'" *Prescott v. State Tax Assessor*, 1998 ME 250, ¶ 5, 721 A.2d 169, 172. If the
evidence favoring the nonmoving party is "merely colorable, or is not significantly
probative, a summary judgment may be granted." *See Green v. Cessna Aircraft Co.*, 673
A.2d 216, 218 (Me. 1996) (citation and internal punctuation omitted).

        The essence of the plaintiff's motion is that she is entitled to summary judgment
on her claims because the record establishes that the defendant failed to perform under
the terms of a purchase and sale agreement executed by the parties. That agreement was
for the sale of real property by the plaintiff to the defendant. From the factual predicate
urged by the plaintiff that the defendant failed to tender the consideration (cash) for the
exchange, the plaintiff claims that the defendant breached the agreement (count 1 of the

                                        1

amended complaint), that the plaintiff is excused from her contractual obligation to convey the premises to the defendant (count 4), that the plaintiff is entitled to retain the deposit of roughly $2,800 paid by the defendant (count 1), that the defendant is liable for trespass damages because she has continued to possess the premises (count 3), that the defendant is liable for the benefits of that occupancy (count 5) and that the defendant is liable for attorney's fees and costs in this action (count 2).

The written purchase and sale agreement, executed by the parties on January 9, 2002, provides in part that the closing for the conveyance of the property would be held on or before February 11, 2002, and that time was of the essence. Plaintiff's Statement of Material Fact, ¶¶ 8-9. The record provides factual support for an argument that subsequent to January 9, the attorneys representing the parties in this transaction conferred regarding that date. During at least some of those conversations, the plaintiff's attorney advised the defendant's attorney that the prospective February 11 closing date was flexible and that he would agree to an extension of time to prepare the necessary documents. Defendant's Opposing Statement of Material Fact, ¶ 10. In fact, as of February 11, the defendant had not tendered the purchase price for the property, and the plaintiff instructed her attorney not to accept a subsequent tender. PSMF. ¶¶ 11-12. Although the record is not explicit on this point, this factual assertion could support an inference that the defendant in fact tendered the purchase funds at some point, which led to the plaintiff's rejection of that tender.

In a contract for the conveyance of real estate, time is generally not considered to be of the essence. *Hull v. Sturdivant*, 46 Me. 34, 41 (Me. 1858). Even in those circumstances where the contract gives time that effect, the parties may waive that provision. *Id.* Here, despite the recitals in the written instrument, the plaintiff's attorney is claimed to have made statements to the defendant's attorney that could form the basis for an argument that the parties' performances under the contract was not required by the date specified in the earlier writing. The record indicates that this flexibility was prompted by possible delays in the completion of documents originating with the plaintiff and not in the defendant's tender of funds. Nonetheless, the plaintiff's willingness to delay the closing date because of one reason generates the factual basis for an argument that that parties agreed, through their attorneys, that time was no longer of the essence

2

generally. When time is not of the essence, then the parties must perform within a reasonable time. *Maine Mutual Fire Ins. Co. v. Watson*, 532 A.2d 686, 689 (Me. 1987). The record at bar does not establish that any delays in the defendant's performance were unreasonable. Consequently, there exists a genuine issue of material fact that precludes entry of summary judgment.

The entry shall be:

For the foregoing reasons, the plaintiff's motion for summary judgment is denied.

Dated: December 17, 2002

_____
Justice, Maine Superior Court
Jeffrey L. Hjelm

NANCE SEILE - PLAINTIFF
2907 TRENT ROAD
NEW BERN NC 28562
Attorney for: NANCE SEILE
JON HADDOW
FARRELL ROSENBLATT & RUSSELL
PO BOX 738
BANGOR ME 04401-0738


vs
JULIE A ADAMS - DEFENDANT
582 WESTERN AVE, ROUTE 9
DIXMONT ME 04932
Attorney for: JULIE A ADAMS
RICHARD SILVER
RUSSELL LINGLEY & SILVER
145 EXCHANGE STREET

BANGOR ME 04401-6505

SUPERIOR COURT
PENOBSCOT, ss.
Docket No   BANSC-CV-2002-00113

**DOCKET  RECORD**

Filing Document: COMPLAINT                    Minor Case Type: DECLARATORY JUDGMENT
Filing Date: 06/20/2002

## Docket Events:

06/20/2002 FILING DOCUMENT - COMPLAINT FILED ON 06/20/2002
          EXHIBITS A - D ATTACHED.

06/20/2002 Party(s):  NANCE SEILE
          ATTORNEY - RETAINED ENTERED ON 06/20/2002
          Plaintiff's Attorney: JON HADDOW

06/20/2002 Party(s):  JULIE A ADAMS
          SUMMONS - CIVIL SUMMONS FILED ON 06/20/2002

06/20/2002 Party(s):  JULIE A ADAMS
          SUMMONS - CIVIL SUMMONS SERVED ON 06/17/2002
          AS TO DEFT. ADAMS.

06/20/2002 Party(s):  NANCE SEILE
          SUPPLEMENTAL FILING - AMENDED COMPLAINT FILED ON 06/20/2002
          AMENDED COMPLAINT FOR DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF.

07/01/2002 Party(s):  JULIE A ADAMS
          ATTORNEY - RETAINED ENTERED ON 06/28/2002
          Defendant's Attorney: RICHARD SILVER

07/01/2002 Party(s):  JULIE A ADAMS
          MOTION - MOTION TO DISMISS FILED ON 06/28/2002
          FILED BY DEFENDANT.

07/02/2002 Party(s):  JULIE A ADAMS
          OTHER FILING - REQUEST FOR HEARING FILED ON 06/28/2002

07/05/2002 Party(s):  NANCE SEILE