POWELL *v.* DWYER.

1. SPECIFIC PERFORMANCE—LAND CONTRACT—PENALTY.
   Equity will not permit a party to resist specific performance of a contract to convey land by electing to pay the penalty stipulated therein.

2. SAME—COSTS.
   A claim that affirmance of a decree for specific performance of a contract to convey land should be without costs, on the ground that the deed tendered by complainant for execution did not conform to the contract, is untenable where defendant did not decline performance on that ground, but on the ground, maintained to the last, that he had a right to decline performance on paying the penalty provided in the contract.

Appeal from Barry; Smith, J. Submitted June 17, 1907. (Docket No. 102.) Decided July 1, 1907.

Bill by Lura Gregory Powell against Mary L. Dwyer, executrix of the last will and testament of John M. Dwyer, deceased, for the specific performance of a land contract. From a decree for complainant, defendant appeals. Affirmed.

*Isaac N. Payne* (*Colgrove & Potter*, of counsel), for complainant.

*John H. McDonald* (*Edward S. Grece*, of counsel), for defendant.

Moore, J. The bill was filed to enforce the specific performance of a written contract reading as follows:

"This agreement, made and concluded this 27th day of January, A. D. 1904, between John M. Dwyer, of Detroit, Michigan, party of the first part, and Lura Gregory Powell, of the same place, party of the second part, *witnesseth:*

"The party of the first part, for the consideration hereinafter mentioned, does for himself, and for his heirs, covenant and agree with the said party of the second part, and her heirs and assigns by these presents, that he, said party of the first part, shall and will, on or before the 3rd of February, A. D. 1904, or as soon thereafter as possible, the same not to exceed ten days, by good and lawful deed or deeds, well and sufficiently grant, convey, and assure unto the said party of the second part her heirs and assigns, in fee simple, clear of all incumbrance, all of that certain tract or parcel of land being and situate in the city of Hastings, county of Barry and State of Michigan, and described as the south sixty-five (65) feet of lots 479 and 480, according to the recorded plat of said city of Hastings, the same being known as the Hotel Barry property and formerly known as the Ford House, together with all and singular the hereditaments and appurtenances thereunto belonging or in any wise appertaining.

"In consideration whereof, the said party of the second part, for herself and her heirs, does covenant and agree with the said party of the first part, and with his heirs

and assigns, by these presents that she shall and will, up-on the execution of the said deed or deeds as aforesaid, and at the time aforesaid, well and sufficiently grant, con-vey and assure, unto the said party of the first part, his heirs and assigns, in fee simple, clear of all incumbrance, except mortgages for the sum of sixty-five hundred dol-lars, all of that certain tract or parcel of land, being and situate in the city of Pontiac, county of Oakland, and State of Michigan, and described as lots 9 and 10 of the original plat of the city of Pontiac, the same containing 120 feet on Perry and Mill streets, and extending back 140 feet along Lawrence street, together with all and sin-gular the hereditaments and appurtenances thereunto be-longing or in any wise appertaining. It is further agreed by both of the parties hereto that an abstract of title shall be furnished with each deed, each abstract to be brought down to date, a new abstract shall be furnished of the hotel property aforesaid, or in lieu thereof the sum of seven dollars will be paid second party.

"And for the true performance of all and every of the covenants and agreements aforesaid, each of the said par-ties bindeth themselves their heirs, executors and admin-istrators unto the other his or her executors, administra-tors and assigns in the penal sum of one hundred dollars, to be paid to the party not in default.

"In witness whereof, the parties hereto have hereunto set their hands and seals the day and year first above written.

"JOHN M. DWYER.        [Seal.]<br>
"LURA GREGORY POWELL.   [Seal.] "

The court below decreed specific performance as prayed. The case is brought here by appeal.

The solicitors for the defendant say they regard the principal question in the case as turning upon the con-struction to be given to the clause of the contract reading:

"And for the true performance of all and every of the covenants and agreements aforesaid, each of the said parties bindeth themselves, their heirs, executors, and ad-ministrators unto the other his or her executors, administra-tors, and assigns in the penal sum of one hundred dollars, to be paid to the party not in default."

It is their claim (we quote from brief):

"It is apparent to the court that the actual damages for a breach are uncertain in their nature, difficult to be ascertained, or impossible to be estimated with certainty by reference to any pecuniary standard, and where the parties themselves are most intimately acquainted with all the peculiar circumstances, and therefore better able to compute the actual or probable damages than courts or juries from any evidence which can be brought before them, in all such cases the law permits the parties to ascertain for themselves and to provide in the contract itself the amount of damages, which shall be paid for the breach. And the law permits parties to enter into contracts, and holds them binding, where the subject-matter is susceptible of only one ground or basis of damages; and this principle is sustained in all the cases cited, it makes no difference whether the parties call the consideration for the breach 'penalty' or 'damages.'"

It is their further claim that they tendered $100 to complainant, and therefore specific performance cannot be enforced.

The solicitors for complainant insist the court below was right in his construction of the concluding clause of the contract, when he said:

"Under the proof it cannot be claimed that it was agreed upon between the parties as liquidated damages. It seems to be more in the nature of a penalty to be paid by the defaulting party, should anything occur by which either could not perform, and can in no sense apply to the situation as shown by the proof in this case, when it is shown specific performance can be made, but is refused by defendant because of a conception or belief that a more advantageous disposition of the property can be made than by complying with the terms of the contract."

A prominent author states the rule as follows:

"With respect to the effect of a penalty upon the equitable rights of the parties, while a court of equity will relieve the party who has thus bound himself against a penalty, or will restrain its enforcement against him at law, it will not, on the other hand, permit such party to resist a specific performance of the contract by electing to pay the penalty. Where a person has agreed to do a certain act, or to refrain from doing a certain act, and has added

a penalty for the purpose of securing a performance, a court of equity will, if the contract is otherwise one which calls for its interposition, compel the party to specifically perform, or restrain him from committing the act, as the case may be, notwithstanding the penalty. If the sum stipulated to be paid is really a penalty, the party will never be allowed to pay it, and then treat such payment as a sufficient ground for refusing to perform his undertaking." 1 Pomeroy on Equity Jurisprudence (3d Ed.), § 446.

This is in accordance with the great weight of authority. See *Kettering* v. *Eastlack*, 130 Iowa, 498, in which is cited *Lyman* v. *Gedney*, 114 Ill. 388; *O'Connor* v. *Tyrrell*, 53 N. J. Eq. 15; *Brown* v. *Norcross*, 59 N. J. Eq. 427; *Phœnix Ins. Co.* v. *Continental Ins. Co.*, 87 N. Y. 400; *Hull* v. *Sturdivant*, 46 Me. 34. See, also, Fry on Specific Performance (4th Ed.), §§ 140–164; Waterman on Specific Performance, § 22; *Long* v. *Bowring*, 33 Beav. 585.

In the case of *Daily* v. *Litchfield*, 10 Mich. 29, the complainant sought a specific performance of an agreement for the exchange of lands. The contract contained a clause which reads as follows:

" Either party forfeiting the above contract, by failing to comply therewith, is to forfeit to the opposite party the sum of fifty dollars, as liquidated damages for the non-performance thereof."

It was claimed by the defendant that by the terms of the agreement the parties had agreed upon the stipulated damages which either party is to pay in case of a breach; that these damages are agreed upon as a substitute for performance; and therefore that either party had the option to perform or to pay the $50 agreed upon. In answer to this claim the court uses the following language:

" It is sufficient answer to this to say that, though the parties have called this sum stipulated damages, yet as it applies to several different stipulations of very different

degrees of importance, and by the terms of the stipulation would be payable equally on the failure to perform the least as of that to perform the most important, or the whole of them together, it is, in legal effect, but a penalty and not stipulated damages, since it is evident the parties themselves could not have treated it as a mere compensation for actual damages. *Jaquith* v. *Hudson*, 5 Mich. 123. As a penalty it is no objection to specific performance. 2 Dart on Vendors & Purchasers (5th Ed.), p. 1061, and note 1. We must therefore consider the case on pleadings and proofs."

See, also, *Watrous* v. *Allen*, 57 Mich. 362. A case much in point is *Ropes* v. *Upton*, 125 Mass. 258.

In the case before us it appears that neither party to the contract was consulted by the scrivener in relation to the penal clause that was inserted therein. The subject-matter of the contract was of the value of several thousand dollars. The properties involved were situate in cities a considerable distance apart. To act intelligently it became necessary to visit the respective properties, to have abstracts of title made, and to have the latter examined. It is very clear that the parties did not suppose they would be relieved from performing the contract by paying $100, and we think it ought not to be so held.

The solicitors for defendant say:

"Should this court affirm the decree, we submit it should be without costs against the defendant, as it is conceded the deed tendered was not according to the contract," citing *Morris* v. *Hoyt*, 11 Mich. 9.

It is an answer to this contention to say that the refusal to perform the contract was not based upon the failure to tender a deed according to the contract, but was upon the claim made all through the litigation that, if defendant was willing to pay the $100, he was relieved from performing the contract. A deed was tendered before the decree below was made with which no fault is found.

The decree is affirmed, with costs.

BLAIR, MONTGOMERY, OSTRANDER, and HOOKER, JJ., concurred.