HEDRICK v. FIRKE.

1. VENDOR AND PURCHASER—SPECIFIC PERFORMANCE—TENDER.
   By attempting to rescind a land contract and serving written notice that vendee would not perform, he waived the right to insist on the tender of an abstract of title at the time the deed was to be delivered; an offer on the part of complainant to furnish a sufficient abstract in his bill for specific performance was sufficient.

2. SPECIFIC PERFORMANCE—PENALTY AS DEFENSE—DAMAGES.
   Where a stipulation for the payment of a certain sum in case of default under a land contract is in reality a penalty, it fur-

nishes no obstacle to a specific performance of the contract; but where it is in reality for liquidated damages it will be held to be in lieu of specific performance if it appears from the entire agreement that the right to pay such sum or perform the contract should be optional.[1]

3. SAME—LIQUIDATED DAMAGES.

A clause in a contract for the sale of real property for the sum of $18,960, stipulating that in case the vendee should make default the vendors might retain the sum of $500, paid at the time of executing the contract, as forfeit money and to pay them for their trouble and damages by reason of the breach, was a provision for stipulated damages, not a penalty.

4. SAME.

Under a contract, giving the vendors the option whether to retain the payments made as liquidated damages, or insist upon performance, the vendor might have specific enforcement.

Appeal from Gratiot; Searl, J. Submitted January 19, 1912. (Docket No. 125.) Decided March 29, 1912.

Bill by J. Willis Hedrick and Bertha Hedrick against Charles W. Firke for specific performance of a contract for the sale and purchase of real property. From a decree overruling a demurrer to complainants' bill, defendant appeals. Affirmed.

*William A. Bahlke,* for complainants.

*Charles W. Firke (James G. Kress* and *O. G. Tuttle,* of counsel), for defendant.

BLAIR, J. On October 15, 1910, the parties hereto entered into a land contract, containing, among others, the following provisions:

"That said parties of the first part, in consideration of the sum of eighteen thousand nine hundred sixty ($18,960) dollars to them duly paid, hereby agree to sell unto the said party of the second part, all that certain piece or parcel of land lying and being situate in the township of

[1] Right to specific performance as affected by provision for liquidated damages, see note in 2 L. R. A. (N. S.) 210.

Arcada, county of Gratiot and State of Michigan, and more particularly known and described as * * * for the sum of eighteen thousand nine hundred and sixty dollars ($18,960.00), which said party of the second part hereby agrees to pay to said parties of the first part as follows: Upon the execution and delivery of this contract, five hundred dollars ($500.00); March 1st, 1911, eight thousand five hundred and sixty dollars ($8,560.00); at which time said second party will assume and agree to pay nine thousand nine hundred dollars ($9,900.00) when due the then balance remaining unpaid upon a certain real estate mortgage now upon said described premises, and at which time first parties will execute and deliver to second party a good and sufficient warranty deed as hereinafter provided: It is agreed by second party hereto, that should he make default in the conditions of the payments herein specified, and neglect or refuse to complete the terms of this contract as herein provided to be done on March 1st, 1911, the $500.00, paid upon the execution of this contract shall be retained by the first parties as forfeit money and to pay them for their trouble and damages by reason thereof. The said party of the first part hereby covenants and agrees on or before the first day of March, 1911, to furnish to the said party of the second part a complete abstract of title to said premises brought down to a then recent date certified to by a competent abstractor, showing a good merchantable title to the said premises free and clear of any and all encumbrance and allow second party reasonable opportunity to have said abstract examined. * * * It is mutually agreed between said parties that the said party of the second part shall have possession of said premises on March 1st, 1911, and shall keep the same in as good condition as they are at the date hereof, until the said sum shall be paid as aforesaid; and if said party of the second part shall fail to perform this contract, or any part of same, said parties of the first part shall, immediately after such failure, have a right to declare the same void and retain whatever may have been paid on such contract, and all improvements that may have been made on said premises, as liquidated damages and may consider and treat the party of the second part as his tenant holding over without permission, and may take immediate possession of the premises, and remove the party of the second part therefrom."

Defendant paid the $500 as agreed, but upon February

25, 1911, notified complainants that he would not perform the contract and elected to rescind the same.

On the 9th day of March, 1911, complainants filed their bill of complaint against defendant, setting forth the contract, alleging: That, in reliance thereon, they had sold the personal property on the farm to the amount of $2,700, had purchased on contract a farm in Saginaw county for $16,000, upon which they expected to move March 1, 1911, had purchased of their vendor personal property to the amount of $1,500; that defendant is financially irresponsible, is a resident of Mansfield, Ill., and—

"Has no property other than said lands within the State of Michigan from which the amount due the said complainants could be made in case judgment were obtained against him for the breach of his said contract."

That complainants are without adequate remedy to protect themselves, unless defendant be required to specifically perform the contract.

"Complainants further aver that they hereby elect to enforce the terms and conditions of the said contract as against the said defendant; that the stipulated damages set forth in said contract are wholly inadequate to compensate them for the damages which they have sustained in the premises, and that they refuse to accept the said sum in satisfaction thereof, but, on the contrary, hereby elect to enforce the said contract against the said defendant. Complainants further aver that they are required to forthwith vacate the premises heretofore described and move upon the premises purchased by them in the county of Saginaw; that if they should fail or neglect so to do or fail or neglect to perform their executory contract of sale by and with their said grantor that they would forfeit a large sum of money, to wit, five hundred dollars ($500), paid upon the farm lands so purchased, and would be liable for a breach of contract and they would hereby become financially ruined and distressed; that it is their intention to move upon said farm lands in Saginaw county; that they have no farm tools and utensils or other appliances necessary to farm the aforesaid described lands, and that they are financially unable to equip the aforesaid described lands for said purpose for the season of 1911;

that, by reason of the premises, they have been put in dire financial distress, and have, on account of the failure of the said defendant, been unable to procure as of their own money the necessary funds to make the payment upon the said farm lands in the county of Saginaw; that, under the present distressing circumstances, the best they are able to do in their judgment is to move upon the said farm lands in the county of Saginaw, and vacate the premises so sold as aforesaid to the said defendant; * * * that pending the determination of this cause upon the merit of this bill that a receiver should be appointed by this court to take possession of said farm lands, manage, control, and farm the same in a husbandlike manner under the order and direction of this court, and as may be determined advisable pending the determination of the court upon the merits hereof, and that the net proceeds from said farm lands shall be equitably applied in satisfaction of any amount found due the said complainants in this cause; that without it said farm lands will not be taken care of during the present season, unless suitable and necessary arrangement can hereafter otherwise be made with reference thereto."

The bill prays for specific performance, and, in default thereof, a sale of the land for the amount due, a decree for deficiency, and the appointment of a receiver. To the bill of complaint defendant interposed a demurrer upon the grounds, among others, which do not require consideration: (1) That complainants did not perform the contract on their part in that they did not offer or tender proper abstracts of title on or before March 1, 1911; (2) that the sum of $500 as stipulated damages was agreed upon and became a substitute for performance of said contract on the part of the said defendant. The circuit judge overruled the demurrer, and defendant appeals to this court.

1. Defendant, having repudiated the contract in writing and given notice that he would not further perform it before he was entitled to an abstract, waived a tender of the abstract other than as made in the bill of complaint. *Witt* v. *Dersham*, 146 Mich. 68 (109 N. W. 25).

2. Where a stipulation for the payment of a certain sum

is in reality a penalty, it furnishes no obstacle to a specific performance of the contract. *Powell* v. *Dwyer*, 149 Mich. 141 (112 N. W. 499, 11 L. R. A. [N. S.] 978).

Where the stipulation is in reality for liquidated damages, it will be held to be in lieu of specific performance only where it appears from the whole contract to have been the intention of the parties that the right to pay the stipulated sum or perform the contract should be optional. *Koch* v. *Streuter*, 218 Ill. 546 (75 N. E. 1049, 2 L. R. A. [N. S.] 210), and note; 36 Cyc. p. 570, D.

We are satisfied that the provision in question provides for liquidated damages, and not for a penalty. *Calbeck* v. *Ford*, 140 Mich. 48 (103 N. W. 516); *Township of Springwells* v. *Railway*, 140 Mich. 277 (103 N. W. 700); *Ross* v. *Loescher*, 152 Mich. 386 (116 N. W. 193, 125 Am. St. Rep. 418). We do not think, however, that this contract can be properly construed to be a mere option agreement for the purchase of the land. Construing the clauses as to default together, it appears to have been the intention of the parties to leave it optional with the vendors whether they would accept the stipulated damages or insist upon performance of the contract. It is not intended by this opinion to foreclose the court's exercise of discretion upon the final hearing. See *Rust* v. *Conrad*, 47 Mich. 449 (11 N. W. 265, 41 Am. Rep. 720); *Rathbone* v. *Groh*, 137 Mich. 373 (100 N. W. 588); *Chicago, etc., R. Co.* v. *Lane*, 150 Mich. 162 (113 N. W. 22).

The order is affirmed with leave to answer in 20 days after notice of the entry of decree.

MOORE, C. J., and STEERE, McALVAY, BROOKE, STONE, and OSTRANDER, JJ., concurred. BIRD, J., did not sit.