MICHAEL MIKELAICZAK, Appellee, vs. FRANK KRUPPA
et al. Appellants.

*Opinion filed April 18, 1912.*

1. SPECIFIC PERFORMANCE—*contract, not signed by wife, to con-
vey homestead premises is not void.*  A contract by which the
owner of the fee agrees to convey his homestead premises is not
void even though not signed by the wife but may be enforced in
equity as to the excess above the value of the homestead estate;
and if the proposed vendor, within the time fixed by the contract,
tenders a general warranty deed, in which the wife unites, releas-
ing her dower and homestead rights, the objection that the wife
did not sign the contract is no defense to specific performance.

2. SAME—*when a provision for forfeiture of deposit does not
limit remedy.*  A provision in a contract for the exchange of real
estate that each party shall deposit a certain sum to insure the
faithful performance of the contract on his part, which he agrees
to forfeit if he fails to carry out his contract, is not intended to
limit the remedy against the defaulting party to the recovery of
his deposit, there being nothing in the contract to indicate that
the parties were to have the option of performing the contract or
forfeiting the deposit.

APPEAL from the Circuit Court of Cook county; the
Hon. KICKHAM SCANLAN, Judge, presiding.

FRANK H. NOVAK, for appellants.

A. A. EXLINE, for appellee.

Mr. JUSTICE FARMER delivered the opinion of the court:

Appellee filed his bill in the circuit court of Cook county
for the specific performance of a contract made between
him and two of the appellants, Frank Kruppa and Sadie
Kruppa, for the conveyance of certain real estate.  The
agreement between the parties was entered into and signed
on the 27th day of September, 1910.  By the contract Frank
Kruppa and Sadie Kruppa agreed to convey to appellee two
pieces of property in the city of Chicago particularly de-
scribed and known as Nos. 4715 and 4728 South Wood

254—14

street, the first mentioned property subject to an encumbrance of $2300. The consideration for the conveyance named in the contract was $12,000 and the encumbrance was to be assumed by appellee as part of the consideration, and as a further part of the consideration appellee agreed to convey to Frank and Sadie Kruppa, by general warranty deed, free from all estates of homestead and dower rights, a farm of 170 acres in Juneau county, Wisconsin, valued at $8500, together with the crops, stock, fixtures and machinery on the farm. The farm was subject to a mortgage of $400, which Frank and Sadie Kruppa assumed as a part of the consideration. The contract further provided that appellee should also give Frank and Sadie Kruppa his promissory note for $1600, due in five years from date, with interest at five per cent per annum, and provided that each party would furnish the other, within a reasonable time, an abstract showing merchantable title to their respective properties, and each party agreed to deposit $200 to insure the faithful performance of the contract on their respective parts. The contract recited that Frank and Sadie Kruppa had deposited $50 in cash and their demand note for $150, and appellee had deposited his demand note for $200. The party who failed to perform the contract agreed to forfeit his deposit. Each party was given ten days after receiving an abstract to notify the other of any objections to it, and if material defects were found in the title and were not cured within sixty days after notice thereof, the contract was to become null and void. The deeds were to be passed and the negotiations closed at the office of R. H. Smith within five days after the title had been found good. It was agreed the contract was to be held by R. H. Smith for the mutual benefit of the parties concerned. The bill alleges that on the 5th day of October, 1910, Frank and Sadie Kruppa conveyed the premises Nos. 4715 and 4728 South Wood street to Joseph Husak and Mary Husak, who claim to be the owners thereof. The bill alleges Joseph Husak

and Mary Husak each had actual, positive and definite notice of the execution of the agreement between Frank and Sadie Kruppa and appellee before and at the time the conveyance was made to them, and that they took said conveyance with full knowledge of the contract between appellee and Frank and Sadie Kruppa and appellee's rights thereunder. The bill further alleges that appellee has ever since the execution of the agreement been ready, able and willing to comply with its terms on his part, and on the 7th day of October, 1910, he tendered Frank and Sadie Kruppa a warranty deed for the Wisconsin farm, a bill of sale of the stock, crops, fixtures and machinery on said farm and appellee's promissory note for $1600, bearing interest at five per cent, in accordance with the provisions of the contract, and requested compliance therewith by the said Frank and Sadie Kruppa, but they refused to make the conveyance to appellee according to their agreement.

Joseph and Mary Husak answered the bill denying that at the time the Kruppas conveyed to them they had any knowledge of the existence of the agreement between the Kruppas and appellee for the conveyance to appellee of the property. The answer further averred that the contract between appellee and the Kruppas was not a legal and valid contract; that the farm of appellee in Wisconsin was appellee's homestead; that he resided thereon at the time with his wife, who had an interest in the premises and who did not join in the execution of the contract. The Husaks also filed a cross-bill praying that the agreement, which was of record, be decreed to be null and void and canceled and set aside as a cloud upon their title. Frank and Sadie Kruppa filed an answer averring that Frank Kruppa was intoxicated when the contract was executed and that he did not know what it was he signed; that whatever paper he signed was without consideration, was never delivered to appellee and its recording was never authorized. An amendment to the answer of Joseph and Mary Husak set out the statute

of the State of Wisconsin, which provides that no aliena-
tion by a married man of his homestead exempt by law
from execution shall be valid or of any effect as to such
homestead without the signature of his wife to the con-
veyance.

After replication filed, the evidence was heard in open
court by the chancellor and a decree entered in accordance
with the prayer of the bill. The chancellor found and re-
cited in the decree that at the time the deed was made to
Joseph and Mary Husak they had actual and positive knowl-
edge of the making, delivery and existing binding force
and effect of the contract between appellee and the Kruppas,
dated September 27, 1910, and of appellee's rights there-
under; that the conveyance from the Kruppas to the Hu-
saks was made to defraud appellee and to prevent him from
obtaining a conveyance from the Kruppas; that the Hu-
saks were not innocent *bona fide* purchasers and took no
title to the property as against the rights and interests of
appellee, and the deed to them was ordered canceled, an-
nulled and set aside, Frank and Sadie Kruppa ordered and
directed to execute and deliver to appellee a deed in accord-
ance with the agreement, conveying the said two pieces of
property, and Joseph and Mary Husak to execute and de-
liver to appellee a quit-claim deed therefor. The cross-bill
was dismissed. This appeal is prosecuted from that decree.

It is first contended the court erred in decreeing specific
performance of the agreement for the reason that it was
lacking in mutuality. The basis of this contention is that
the Wisconsin farm was the appellee's homestead, and the
agreement not having been signed by his wife, it is claimed
that it could not have been enforced against appellee by the
Kruppas, and therefore appellee cannot maintain a bill to
enforce the agreement against them. In *Cohen* v. *Segal,*
253 Ill. 34, the court sustained the right to specific perform-
ance of a contract for the exchange of properties made be-
tween a married man and a married woman which was not

signed by the wife or husband of the parties to the con-
tract. Whether there was any right of homestead in either
of the parties does not appear, but it was held the signature
of a husband or wife having an inchoate right of dower
was not necessary to authorize specific performance, if the
vendor seeking performance is able to make good title by
conveyance releasing the inchoate right of dower within
the time agreed upon in the contract. The court cited and
quoted from *Maryland Const. Co.* v. *Kuper,* 90 Md. 540.
In that case it was said the great weight of authority is,
that to authorize specific performance it is not required that
the party seeking it should possess, at the time of making
the contract, a clear title to the property he agrees to con-
vey, but it is sufficient that he is able to convey the prop-
erty according to the agreement when called upon by his
contract to do so. In *Watson* v. *Doyle,* 130 Ill. 415, and
*White* v. *Bates,* 234 id. 276, it was held that the contract
for the sale of a homestead, signed by the owner of the
fee but not joined in by the wife, would be specifically en-
forced in equity as to the excess above the value of the
homestead estate. We are not informed that any different
rule of law prevails in the State of Wisconsin. No ques-
tion is made as to the validity of appellee's title. Within
the time required by the contract he tendered the Kruppas
a general warranty deed, in which his wife united, releasing
the homestead and dower rights in conformity with the
agreement. He was thereupon authorized to demand a per-
formance of the agreement by the Kruppas, and, upon their
refusal, to call upon a court of equity to enforce its per-
formance.

It is further contended that the effect of the provision
of the contract requiring each party to deposit $200 to in-
sure its faithful performance, and the agreement that the
party failing to comply with the contract should forfeit
his deposit, was to limit the remedy against the defaulting
party to a recovery of the deposit, and that a court of equity

will not take jurisdiction to enforce specific performance of the contract. This is not a correct construction of the language of the contract. The agreement recites that the deposit is made to insure the faithful performance of the contract, and there is nothing in the instrument that would justify interpreting it to mean that either party had the option of performing the contract according to its terms or of forfeiting the deposit made. This question has been determined contrary to appellants' contention in *Koch* v. *Streuter,* 218 Ill. 546, *Barrett* v. *Geisinger,* 179 id. 240, and *Lyman* v. *Gedney,* 114 id. 388.

It is also insisted that the Husaks, at the time the conveyance was made to them by the Kruppas, had no knowledge of the existence of the contract between the Kruppas and appellee. The deed from the Kruppas to the Husaks was executed about noon of October 5, 1910, and was filed for record at forty-nine minutes past twelve o'clock of the same day. The contract between appellee and the Kruppas was not filed for record until forty-nine minutes past four o'clock of the same day. The chancellor found from the evidence, and decreed, that the Husaks had actual notice of the existence of the contract between appellee and the Kruppas, and of its agreements, covenants and terms, and of the rights and interest of appellee, before they received the conveyance from the Kruppas. This was denied by Joseph and Mary Husak, but we are satisfied that the decree in this respect is sustained by the weight of the evidence.

It is not now insisted that Frank Kruppa did not know what he was doing when he signed the contract, which he did after going to Wisconsin and examining the farm and personal property he was to receive from the appellee. It would serve no useful purpose to set out the evidence. It is sufficient to say we have read it, and it fully sustains the finding of facts made by the chancellor.

No reason is pointed out that would justify a reversal of the decree, and it is affirmed.    *Decree affirmed.*