John William Kenyon,

*vs.*

Dorothy W. Millard.

*New Castle, Oct.* 15, 1918.

The fact that a land contract provides for payment of sum of money as penalty is not in itself sufficient ground for denying specific performance.

Where land contract provides that for the true performance of the contract, each party binds himself to the other in a certain "penal" sum, buyer, upon seller's failure to perform, may refuse to accept specified sum in settlement, and secure relief through specific performance or action for damages.

Where the meaning of a clause in a land contract was clear and unambiguous, and the language used capable of but one interpretation, testimony of real estate men as to the effect of such a clause according to the custom of men in real estate business was inadmissible.

Bill for Specific Performance. By a written memorandum of agreement the complainant, Kenyon, agreed to buy, and the defendant, Dorothy W. Millard, agreed to sell, real estate for $4,500; and, as stated therein, $100 was deposited by the purchaser with the agent of the seller as "forfeit money to bind the bargain" and "to be considered as a part of the purchase price." The memorandum also contained the following:

"And for the true performance of all and every one of the covenants and agreements aforesaid, each of the said parties binds himself, his heirs, executors, administrators and assigns, in the penal sum of $100, lawful money in the United States, firmly by these presents."

To compel specific performance of the contract a bill was filed, and a rule for a preliminary injunction to prevent a conveyance otherwise than to the purchaser was awarded. At the hearing of the rule the solicitors for the parties submitted arguments as to the effect of the agreement and particularly the above-quoted clause.

On behalf of the defendant testimony was offered to prove a uniform custom and practice of real estate brokers in Wilmington to construe the clause as fixing liquidated damages, so that the seller may be relieved from carrying out the contract by paying the penalty, and it was urged therefore the defendant cannot be

compelled to specifically perform the agreement if she offer to refund the amount received and pay to the purchaser the sum of one hundred dollars as penalty or liquidated damages.

*Charles F. Curley*, for the complainant.

*William F. Kurtz*, for the defendant.

THE CHANCELLOR. If the clause in question is a penalty, then it is settled law that that alone is not sufficient to deny a right to specific performance in a court of equity. 1 *Pomery's Equity Jurisprudence*, (3d *Ed.*) *p.* 748. Where there is in an agreement of sale a provision clearly showing that a party to the contract may either perform it or pay a sum of money, then as there is an alternative duty, he cannot be compelled to perform the duty he declines to perfrom, when he chooses to perform the other alternative. A provision in an agreement of sale of land, whatever it is called in the agreement, whether a penalty or liquidated damages, and which is clearly neither, but is annexed for the purpose of securing performance of the contract, entitles either party to a decree of specific performance. *Koch v. Streuter*, 218 *Ill.* 546, 75 *N. E.* 1049, 2 *L. R. A.* (*N. S.*) 210; *Barrett v. Geisinger*, 179 *Ill.* 240, 53 *N. E.* 576; *Powell v. Dwyer*, 149 *Mich.* 141, 112 *N. W.* 499, 11 *L. R. A.* (*N. S.*) 978.

The clause in question is not stated to be either a penalty or liquidated damages. There is in it no direct statement that the seller may refuse to convey on paying the buyer $100, nor does it say that either party may default and be relieved of any obligation to perform by paying the other party $100. It is clearly a provision intended to secure performance of the contract. Indeed, it expressly says so. It says, for the true performance of the contract each party binds himself to the other in a certain sum of money. In a court of law this may entitle the buyer to sue the defaulting seller for that sum if the buyer wants to end the agreement. In such case it makes no difference that it is called "penal" sum. The right to the money is one which the buyer has if he elects to take it, or collect it in settlement of his rights against the seller. But if he does not choose to so settle the matter he has an indubitable right to either an action for damages or specific performance. It would be strange if a provision of a contract purporting to be inserted in order to secure performance should

be effective to defeat an effort of one party to enforce specific performance of the contract.

Inasmuch as the meaning of the clause is clear and unambiguous, and the words used reasonably capable of but one interpretation, it is immaterial what view persons engaged in the sale of real estate in this city take of the meaning of the words, or their practice, or custom, or intention with respect thereto. It is not the case of proving a custom of the trade with respect to a matter not disclosed in the contract, as in the case of *Fraser v. Ross*, 1 *Pennewill*, 348, 41 *Atl.* 204, or as showing the course of conduct of an individual in honoring as his obligation to pay money a certain kind of card with his name and an amount of money named thereon, being the check, ticket or token given by him in payment for work done, as for instance by pickers of berries. *Bryan v. Brown*, 3 *Pennewill*, 504, 53 *Atl.* 55. The testimony which the defendant offered to produce as to the custom of dealers in Wilmington to regard the clause in question as giving to the seller a right to be free of his obligation to convey by paying the sum mentioned in like clauses, was clearly inadmissible and inapplicable to a clause, the meaning and intention of which was so clear.

NOTE.—All of the questions of law and fact involved in this cause were raised at the hearing of the rule for a preliminary injunction, and after stating the foregoing conclusions to the solicitors for the respective parties a conveyance was made by the defendant to the complainant of the premises and the bill of complaint dismissed on motion of the solicitor for the complainant.