# CASES DECIDED

IN THE

# Supreme Court of Appeals

## OF VIRGINIA.

### Richmond.

### BROWN V. FRIEDBERG.

March 18, 1920.

Absent, Burks, J.

1. SPECIFIC PERFORMANCE.—*Contract Containing Provision for Liquidated Damages or Penalty for Breach.*—A court of equity may decree specific performance of a contract for the sale and conveyance of real estate, which also requires the payment of a sum of money, whether by way of penalty or damages, to secure the performance of such contract; but if the contract is in the alternative, and provides for the performance of either one of two things—that is, where the vendor is given the right either to make the conveyance or to pay a stipulated sum of money in lieu thereof—then equity will not decree specific performance of the contract to convey.

2. SPECIFIC PERFORMANCE.—*Contract Containing Provision for Liquidated Damages or Penalty for Breach.*—A contract for the sale of land provided for the payment of $500 as liquidated damages for the breach thereof by either party. On the same date, and before the contract had been signed, the vendor had executed her receipt for $100, part payment of the purchase money, in which the same contract was substantially embodied, except that there was no reference to the $500 as liquidated damages. The stipulation as to this $500 was embodied in the contract because the vendor feared that the small cash payment was not sufficient to make it to the interest of the vendee to comply with the contract.

1

> *Held:* That the provision as to the $500 as liquidated damages
> was inserted, not as a substitute for the performance of the
> contract of purchase and sale, but its purpose was to induce
> the prompt performance of the contract. It was not intended
> by this clause to give either of the parties the option of aban-
> doning the contract and liquidating the damages therefor.

Appeal from a decree of the Circuit Court of city
of Newport News. Decree for complainant. Defendant
appeals.

*Affirmed.*

The opinion states the case.

*Lett & Massie* and *John N. Sebrell, Jr.,* for the appellant.

*J. Winston Read,* for the appellee.

PRENTIS, J., delivered the opinion of the court.

Morris Friedberg entered into a written contract with
Lydia Brown for the purchase of a lot in Newport News
for $14,150, of which $100 was paid in cash and the balance
of the purchase price was to be paid within thirty days, or
as soon as the vendor should furnish "a perfect title and
a deed with covenants of general warranty;" and then the
contract concluded with this clause: "Should either of the
parties to this agreement fail to comply with the terms
thereof, then, the party so failing, hereby agrees to pay
to the other or one complying with said terms the sum of
$500 as liquidated damages for the breach of this agree-
ment." On the same date and before that contract had
been signed, the vendor had executed her receipt for the
$100 in which the same contract was substantially em-
bodied, except that there was no reference to the $500.
The reason for the stipulation as to the $500 appears to

have been that when the $100 was paid the vendor expressed dissatisfaction with the provision allowing the vendee thirty days within which to pay the balance of the purchase money. Thereupon, her attorney, for the purpose of reassuring her, suggested and prepared the clause for her benefit, and at the vendee's suggestion it was made reciprocal.

The vendor having refused to convey the property, at the same time expressing her willingness to pay the $500, the vendee brought his suit for specific performance, and the court having decreed in his favor, the vendor appealed.

[1] There seems to be little difference between counsel as to the law of the case, for similar questions have frequently arisen. The approved rule is that a court of equity may decree specific performance of a contract, for the sale and conveyance of real estate which also requires the payment of a sum of money, whether by way of penalty or damages, to secure the performance of such contract; but if the contract is in the alternative and provides for the performance of either one of two things—that is, where the vendor is given the right either to make the conveyance or to pay a stipulated sum of money in lieu thereof—then equity will not decree specific performance of the contract to convey. 25 R. C. L., sec. 29, p. 230; *Koch* v. *Streuter*, 218 Ill. 546, 75 N. E. 1049; 2 L. R. A. (N. S.) 210, note; *Davis* v. *Isenstein*, 257 Ill. 260, 100 N. E. 940, 45 L. R. A. (N. S.) 52, note.

[2] The controversy, then, leads us to the construction of the contract. For the vendor it is claimed that it did give her the option either to convey the property or to pay $500, and that it does not give the vendee the unqualified right to demand specific performance of the contract to convey. There is little in the record to sustain her view. In the first place, the receipt which terminated the negotiations shows that there was an absolute and unqualified

agreement on her part to sell and convey and on the vendee's part to purchase and pay for the property. It was only because she feared that the small cash payment was not sufficient in amount to make it to the interest of the vendee to comply with his contract that the provision as to the $500 was inserted. This was a mere incident of the transaction and as it appears to us was not designed either to change the substance of the agreement or to give either of the parties the option of abandoning the contract and liquidating the damages therefor. It was inserted at the suggestion of the vendor herself in order to strengthen her security and to enforce the vendee's compliance with the contract. There is no statement, either verbally or in writing, in connection with the transaction from which it may be fairly inferred that either party might at his option repudiate the sale, or that either had the alternative of renouncing the contract upon the payment of the $500. Most, if not all, of the authorities cited to support the vendor's contention are based upon the fact that there was some language in the contract clearly indicating the right or option, either to repudiate the contract of sale or to pay the stipulated amount. We find nothing to justify such a construction of this contract. It is unnecessary to determine whether the $500 should be construed to be liquidated damages or a penalty, for in either event the result is the same. The provision was inserted, not as a substitute for the performance of the contract of purchase and sale, but its purpose was to induce its prompt performance. If the vendee had been willing to accept the $500 from the vendor in consequence of the breach of her contract to convey, he had the option to do so, and then, of course, could not have enforced specific performance; but having declined to accept it, he waives his right to the $500 and is entitled to specific performance. Our view of the case, therefore, accords with that of the trial court.

*Affirmed.*