PENNSYLVANIA OIL COMPANY OF WISCONSIN, Respondent, vs. ANDREW, Appellant.

*October 10, 1939—January 16, 1940.*

228

For the appellant there were briefs by *Sanborn, Blake & Aberg* and *Edwin Conrad,* all of Madison, and oral argument by *Mr. W. J. P. Aberg* and *Mr. Conrad.*

For the respondent there were briefs by *Ela, Christianson & Ela* of Madison, and oral argument by *G. Burgess Ela* and *Walter P. Ela.*

The following opinion was filed November 7, 1939:

MARTIN, J. The plaintiff's first cause of action is in equity for the purpose of restraining the defendant Andrew from further breaching the contract set out in the foregoing statement of facts. The second cause of action is one at law to recover liquidated damages for past breach of the same contract. That a cause of action in equity and an action at law may be joined is provided for by statute. Sec. 263.04, Stats., provides:

"The plaintiff may unite in the same complaint several causes of action, whether they be such as were formerly denominated legal or equitable or both. But the causes of action so united must affect all the parties to the action and not require different places of trial, and must be stated separately."

In the instant case, the same parties are involved in both causes of action, the same place of trial is present in both, and the causes of action are separately stated.

The appellant states the issues involved upon this appeal as follows:

"(1) Was the payment of liquidated damages called for by the contract intended by the parties to be a substitute for performance?

"(2) Does the first cause of action of the complaint state a cause of action in equity?

"(3) May a cause of action demanding equitable relief, where the damages are liquidated, be united with a cause of action for such liquidated damages?"

Appellant's first contention is that the inclusion of the covenant for liquidated damages renders plaintiff's remedy at law adequate. Clause 4 of the contract quoted in the statement preceding the opinion provides:

"In the event of violation of this agreement by R. E. Andrew, he shall be liable for payment to the Pennsylvania Oil Company of Wisconsin of the sum of one thousand dollars ($1,000) for each year in which a violation shall occur, as liquidated damages and not as a penalty."

In *Dekowski v. Stachura,* 176 Wis. 154, 158, 185 N. W. 549, the court said:

"It is no doubt true that specific performance will not be denied in every case where liquidated damages are stipulated, nor granted in every case where a so-called penalty is provided. The vital question is whether or not the parties intended that by the terms of the contract one or both might be released by paying a stipulated sum. Where, by the express terms of the contract, the party may pay damages or convey in the alternative, the rights of the parties are usually plain."

In the Restatement, Contracts, p. 700, § 378, it is said:

"The fact that a contract contains a provision for the payment of a penalty or liquidated damages for breach of a promise is not a bar to the specific enforcement of the promise."

Under comment (a), § 378 above, it is said:

"A provision for a penalty for the breach of a promise does not afford an adequate remedy, in cases where damages are not adequate, since the provision is not itself enforceable beyond the amount collectible as damages. Neither does a provision for the payment of a sum as liquidated damages afford an adequate remedy, even though it is itself an enforceable promise; since it is the uncertainty as to the extent of the injury that makes the provision for liquidated damages enforceable, and no one supposes that the parties by their advance agreement actually render the extent of injury certain. Such a provision, unlike a penalty, affords a remedy; but it is not necessarily an adequate remedy. *By a provision for liquidated damages the parties do not mean that the amount fixed is an agreed price for the privilege not to perform the promise.* Where a contract contains a provision for the payment of such a price as a *true alternative* performance, the promisor's election to pay this price will prevent the specific enforcement of the other alternative against him."

Under comment (b), § 378, above, it is said:

"Damages may be allowed for the partial breach, in addition to the decree for specific performance, in accordance with the rule stated in § 365. But if the decree prevents a part of the injury that the parties contemplated when estimating damages, the amount awarded should be the amount of the existing harm, if it can be determined with reasonable certainty, and a proportionate part of the liquidated sum, if it cannot be so determined.".

Under illustrations, the following is given:

"(1) A sells to B his business as a manufacturer and distributor of matches, promising not to open a competing business within a space of time that is reasonable. It is provided that A shall pay $15,000 as liquidated damages in case of breach. A commits a breach by manufacturing and selling matches in competition. B can get an injunction and in addition a decree for the payment of not more than $15,000. If the enforcement of the injunction prevents harm to such an extent as to make the liquidated sum excessive as compensation therefor, the amount allowed will be reduced acccordingly."

Specific performance is not made unavailable for a remedy by the fact that the contract contains a provision for the payment of liquidated damages in case of breach. Such a provision does not create an option between alternative contracts. *Eaton v. Sadler* (1926), 215 Ala. 161, 110 So. 10; *Dills v. Doebler* (1892), 62 Conn. 366, 26 Atl. 398, 20 L. R. A. 432; *Wells v. First Nat. Exhibitors' Circuit* (1919), 149 Ga. 200, 99 S. E. 615; *Gronowski v. Jozefowicz* (1920), 291 Ill. 266, 126 N. E. 108; *Davis v. Eisenstein* (1913), 257 Ill. 260, 100 N. E. 940; *Mikelaiczak v. Kruppa* (1912), 254 Ill. 209, 98 N. E. 257; *O'Brien v. Paulsen* (1922), 192 Iowa, 1351, 186 N. W. 440; *Hedrick v. Firke* (1912), 169 Mich. 549, 135 N. W. 319; *Atlantic Refining Co. v. Kelly* (1930), 107 N. J. Eq. 27, 151 Atl. 600; *Brown v. Norcross* (1900), 59 N. J. Eq. 427, 45 Atl. 605; *Diamond Match Co. v. Roeber* (1887), 106 N. Y. 473, 13 N. E. 419; *Bradshaw v. Millikin* (1917), 173 N. C. 432, 92 S. E. 161; *Brown v. Friedberg* (1920), 127 Va. 1, 102 S. E. 468; *Hamilton v. Norris* (1927), 144 Wash. 326, 258 Pac. 4; *Asia Investment Co. v. Levin* (1922), 118 Wash. 620, 204 Pac. 808, 32 A. L. R. 572; *Bird v. Lake* (1863), 1 H. & M. 111; *Giles v. Hart* (1859), 3 Jur. (N. S.) 1381; *Coles v. Sims* (1854), 5 DeG. M. & G. 1; *City of London v. Pugh* (1727), 3 Bro. P. C. 374; Fry, Spec. Perf. (6th ed.) § 146; 2 Williams, Vendor & Pur. (3d ed.) 1058.

In *Rittenhouse v. Swiecicki,* 94 N. J. Eq. 36, 39, 118 Atl. 261, 262, in discussing the effect of a provision for liquidated damages, the court said:

"From these authorities the rule is well defined, to the effect that there must be some thing apart from the fact that there is a provision for liquidated damages to show that its payment is to be the equivalent for performance. There must be found in the engagement a contemplated alternative whereby the parties are given an option to perform or to refuse to perform and pay the specified damages. That alter-

native engagement is easily expressed, and if relied upon should appear with reasonable clearness and certainty."

In the instant case, from the language employed in the contract, only one inference can be drawn as to the intention of the parties, namely that the contract should be fully performed by both parties for the full contract period of ten years. The parties did not intend that the provision for liquidated damages was to be a substitute for performance. The cause of action in equity to restrain further breaches of the contract is not inconsistent with the cause of action at law for the agreed liquidated damages for past breaches. *Wirth & Hamid Fair Booking, Inc., v. Wirth,* 265 N. Y. 214, 222, 192 N. E. 297, and cases cited. In both a good cause of action is stated, and under sec. 263.04, Stats., they may be joined in the same complaint by being separately stated.

In 5 Williston, Contracts (Rev. ed.), p. 4037, § 1444, the author says:

"Upon similar principles of granting complete relief and preventing unnecessary litigation equity will in some cases give damages not as alternative but rather as supplemental relief in addition to specific performance."

In any event, it is elementary that a court of equity having taken jurisdiction of the controversy will retain jurisdiction to do complete justice to all the parties interested in the controversy. *Delap v. Parcell,* 230 Wis. 152, 159, 283 N. W. 305, and cases cited.

In *Dells P. & P. Co. v. Willow River L. Co.* 170 Wis. 19, 37, 173 N. W. 317, the court said:

"The court having taken jurisdiction for the determination of the equitable issues involved, also determined and awarded damages which had been sustained to the time of judgment. This was correct and clearly within its power." Citing *Combs v. Scott,* 76 Wis. 662, 672, 45 N. W. 532; *McLennan v. Church,* 163 Wis. 411, 158 N. W. 73.

The demurrer to the whole complaint and to the first cause of action therein was properly overruled.

*By the Court.*—Order affirmed.

A motion for a rehearing was denied, with $25 costs, on January 16, 1940.