WARREN A. WILKINS vs. BOSTON and NORTHERN STREET
RAILWAY COMPANY.

Essex.    November 6, 1912. — January 27, 1913.

Present: RUGG, C. J., HAMMOND, BRALEY, SHELDON, & DeCOURCY, JJ.

*Negligence,* In use of highway.  *Evidence,* Presumptions and burden of proof.

In an action against a street railway company for injuries caused by the collision
    of an electric car of the defendant with a wagon in which the plaintiff was driv-
    ing, when he was turning from one street of a town into another and in order
    to do so was obliged to cross a single track of the defendant laid at the side of
    the street into which he was turning, the defendant admitted that there was
    evidence of negligence in the operation of the car, and the plaintiff testified
    that, as he approached the street into which he was about to turn, he listened
    for a street car or an automobile and heard no noise of an electric motor or of
    the buzzing of a wire, that he also looked along the track and saw no car at
    that time, and that he knew that no car was due at that place for nearly ten
    minutes, that he then proceeded to cross the track, seeing the defendant's
    car when it was too late to avoid it, and that the car, moving at an unreasonable
    rate of speed, struck the hind wheel of his wagon.  *Held,* that the question
    whether the plaintiff was in the exercise of due care was for the jury.
In an action of tort for personal injuries, where the direct testimony of the plain-
    tiff, with the other evidence in the case, warrants a verdict for the plaintiff, if
    there is a discrepancy between some of the answers of the plaintiff on his cross-
    examination and his direct testimony, this is a matter for the jury to weigh and
    consider and does not justify the presiding judge in ordering a verdict for the
    defendant.
In driving from one street of a town into another at a right angle with it, where it
    is necessary to cross a single track of a street railway to pass into the second
    street, if at or near the corner which the driver is turning there is a tree which
    obstructs his vision, he is not necessarily wanting in due care in not stopping
    and looking again after passing the tree to see whether a street car is approach-
    ing on the track, if he listened and looked reasonably before reaching the tree.
The rule of law that a traveller on a highway approaching a crossing of a steam
    railroad necessarily must look and listen in order to be in the exercise of due
    care does not apply to a traveller about to cross a single track of a street
    railway on a street of a town.

TORT for injuries to the person and property of the plaintiff
alleged to have been caused by negligence of the servants of the
defendant in operating one of its electric cars at an excessive rate
of speed, by reason of which the car came in collision with the

hind wheel of the plaintiff's wagon when he was driving a pair of horses attached to the wagon and was turning from Pope Street into Centre Street in the town of Danvers at a little after nine o'clock on the evening of August 15, 1908. Writ dated September 25, 1908.

In the Superior Court the case was tried before *Ratigan,* J. The essential facts are stated briefly in the opinion. The defendant's track on which the car was running at the time of the accident was a single track laid at the side of Centre Street where that street was entered from Pope Street, so that a person driving from Pope Street necessarily would have to cross the track to get into Centre Street.

At the close of the evidence the defendant admitted that there was evidence which would warrant the jury in finding that its servants were negligent in the operation of the car.

At the request of the defendant, the judge ruled that the plaintiff was not in the exercise of due care, and ordered a verdict for the defendant. The judge reported the case for determination by this court, with an agreement of the parties, that, if the question of the plaintiff's due care should have been submitted to the jury, the case was to be sent back to the Superior Court for a trial on the assessment of damages only; and that, if the ruling of the judge that the plaintiff was not in the exercise of due care was correct, judgment was to be entered for the defendant.

*W. B. Sullivan,* (*J. J. Gaffney* & *J. W. Corcoran* with him,) for the plaintiff.

*M. L. Sullivan,* (*J. J. Ronan* with him,) for the defendant.

SHELDON, J. The only question presented by this report is whether the jury would have been warranted in finding that the plaintiff was in the exercise of due care at the time of the collision between the defendant's electric car and his wagon. The question must be answered in the affirmative. He testified that as he approached Centre Street he listened for a car or an automobile, but heard no noise of an electric motor or the buzzing of a wire. He also looked, but saw no car until it was too late. Moreover, there was here only a single track, and on his testimony no car was due to pass at this place for nearly ten minutes. There was evidence that the defendant's car was going unreasonably fast. Under these circumstances the issue as to his due care was for the

jury. *Berry* v. *Newton & Boston Street Railway*, 209 Mass. 100, and cases cited.

If there was a discrepancy between the plaintiff's evidence given in chief and some of his answers under cross-examination, this raised only a question for the jury. *McCarthy* v. *Boston Elevated Railway*, 208 Mass. 512.

The fact that the plaintiff's vision was obstructed by a tree at or near the corner of Centre Street is not decisive against him. The case of *Kelly* v. *Wakefield & Stoneham Street Railway*, 175 Mass. 331, upon which the defendant relies, was explained when that case came again before the court in 179 Mass. 542. The rule laid down as to railroad crossings is of course not applicable here. See the cases collected in *Berry* v. *Newton & Boston Street Railway*, 209 Mass. 100, 103.

Upon the terms of the report and the agreement of the parties, the verdict for the defendant must be set aside, and the case must stand for the assessment of damages only.

*So ordered.*