Dekowski, Respondent, vs. Stachura and wife,
Appellants.

*November 16, 1921—February 7, 1922.*

*Specific performance: Liquidated damages: Contract to convey or
pay damages: How enforced.*

1. Where damages are stipulated by the parties, the sum named
   will be treated as liquidated damages unless the amount ap-
   pears to be grossly in excess of actual damages or to have no
   relation thereto.
2. A contract for an exchange of lands which provided that in
   case either party should fail, refuse, or neglect to perform he
   should forfeit and pay to the other $500 as liquidated damages,
   is construed to mean that each party reserved the right to
   withdraw from the contract upon payment of such sum, and
   specific performance will not be decreed.

Appeal from a judgment of the circuit court for Oconto
county: W. B. Quinlan, Circuit Judge. *Reversed.*

Specific performance. Plaintiff is a business woman,
operating a hotel at Pulaski, Wisconsin, and engaged in
buying and selling real estate. The defendants are Polish
people, who are unable to write and speak the English
language understandingly, and were the owners of a certain
flat building in the city of Chicago worth $5,000 and in-
cumbered for $2,300. The defendants were desirous of
exchanging their Chicago property for a farm and solicited
the aid of one Sebastian Passouicz, who was unable to re-
spond to their call, and sent his wife. Thereafter Mrs.
Passouicz met *Mrs. Dekowski* and learned that *Mrs. De-
kowski* had a farm for sale, and it was arranged that the
defendants should visit the farm, which they did. After
some considerable negotiation it was agreed that the plaint-
iff and the defendants should exchange properties and that
the defendants should pay to the plaintiff $500. The con-
tract was made October 28, 1920. November 2d or 3d the
defendants became suspicious, again inspected the plaintiff's
farm, and concluded that the value of the farm had been

misrepresented to them, and on November 9th they went to the scrivener, one Glowinski, and demanded the return of their papers, which demand Glowinski refused.   The plaintiff went to Chicago and looked over the flat building, but the record does not disclose at what time that was done, and on November 29th Glowinski, the scrivener, wrote a letter to the defendant *Jozef Stachura* stating that the plaintiff had left with him abstract, warranty deed, and insurance policies, and advising him to complete the trade promptly. This the defendants declined to do, and this action was begun by the plaintiff to enforce specific performance of the contract on the part of the defendants.   From a judgment in favor of the plaintiff the defendants appeal.

*Sol. P. Huntington* of Green Bay, for the appellants.

For the respondent there was a brief by *Cady, Strehlow & Kaftan* of Green Bay, and oral argument by *Robert A. Kaftan.*

The following opinion was filed December 13, 1921:

ROSENBERRY, J.   The defendants, upon the trial, relied upon fraud as a defense to the action, claiming that they were unskilled in business ways, particularly in the matter of contracts; that the amount of tillable land was misrepresented; that the plaintiff represented, contrary to the fact, that she had received a cash offer of $9,600 for the premises. The trial court said:

"The issues in the case utterly fail to show any fraud or advantage perpetrated on the part of the plaintiff in securing the contract whatever.   The defendants are people of considerable experience in the purchase and sale of property and were familiar with the value of land in the vicinity where this land was situated, so on this branch of the case I think the defendants' claim entirely fails."

The trial court's findings upon this branch of the case cannot be disturbed.

Some contention was made here and in the court below

by the defendants to the effect that the plaintiff did not make a sufficient tender to entitle her to specific performance of the contract on behalf of the defendants.    In the view which we take of the case it becomes unnecessary to determine these questions.

The contract was in the usual form of exchange contracts.    The first paragraph described the parties, recited the consideration, and contained a covenant on the part of the plaintiff to convey to the second parties the farm in question upon the second parties assuming mortgages amounting to $7,500.    The second paragraph contained a clause that the second parties would convey the Chicago flat, the first party to assume the $2,300 mortgage, and this provision:

"Further it is agreed by *Joseph Stachura* and his wife to pay in cash money to *Rose Dekowski* $500 exchange, and if first party finds conditions wrong this contract is void."

The third clause contained the covenants as to exchange of abstracts and papers and provided that mutual delivery should be made on or before the 28th day of November, 1920, in the office of F. J. Glowinski.    The brokerage fees of Anna Passouicz were to be paid, $100 by the first party and $150 by the second parties, and this provision:

"It is further agreed that in case either party to this agreement shall fail, refuse, or neglect to perform his part of this agreement within the time mentioned, to wit, 29th of November, 1920, or to execute and deliver the deeds of conveyance by him to be executed and delivered, then and in such case the said party who is in default shall forfeit and pay to the other party the sum of five hundred and no-100 dollars as liquidated damages for such failure and breach of contract."

The question arises whether the sum of $500 named in this clause is a penalty or liquidated damages.    It is the well established rule in this court that where damages are stipulated by the parties the sum named will be treated as liqui-

Dekowski v. Stachura, 176 Wis. 154.

dated damages unless the amount appear to be grossly in excess of actual damages or have no relation thereto. *Shef-field-King M. Co. v. Jacobs,* 170 Wis. 389, 175 N. W. 796, and cases there cited. Within the rule the amount named in this case appears to bear a very close relation to the actual damages. While the equities of the parties were small, the values of the property were considerable. It required mutual inspection, and on the part of the plaintiff a trip to Chicago and many other elements of expense, so that the amount stipulated does not appear to be unreasonable.

Having by the terms of the contract stipulated the damages, in case of breach will a court of equity grant specific performance? This question does not seem to have arisen in this state. The rule is laid down in 1 Pomeroy's Equity Jurisprudence (4th ed.) § 447:

"Where, however, the parties to an agreement have added a provision for the payment, in case of a breach, of a certain sum which is truly liquidated damages, and not a penalty,—in other words, where the contract stipulates for one of two things in the alternative, the doing of certain acts, or the payment of a certain amount of money in lieu thereof,—equity will not interfere to decree a specific performance of the first alternative, but will leave the injured party to his remedy of damages at law."

It has also been held that whenever it appears that the intention of the parties was that the contract should be performed and that a stipulation for liquidated damages or a penalty was inserted merely as a security for such performance, then the contract will be specifically enforced, notwithstanding the contract is alternative in form. 25 Ruling Case Law, p. 231, § 29, and cases cited.

In the notes to 1 Pomeroy's Equity Jurisprudence (4th ed.) p. 852, it is said that by the great weight of authority equity makes no distinction between a provision for a penalty and a provision for liquidated damages so far as the right to the specific performance of the contract containing such provision is concerned, citing a number of cases.

In *Marble Co. v. Ripley*, 10 Wall. (77 U. S.) 339, at page 359 it is said:

"But what is a still more satisfactory reason for withholding a decree for specific performance is, that the party who asks for it has an entirely adequate remedy provided by the reservation in his deed, and by the contract itself. . . . This is a remedy more adequate and full than any decree for specific performance could give him, and it renders such interference of a court of equity entirely unnecessary."

It is no doubt true that specific performance will not be denied in every case where liquidated damages are stipulated, nor granted in every case where a so-called penalty is provided. The vital question is whether or not the parties intended that by the terms of the contract one or both might be released by paying a stipulated sum. Where, by the express terms of the contract, the party may pay damages or convey in the alternative, the rights of the parties are usually plain. In the case at bar no language in the alternative is used. 25 Ruling Case Law, p. 230, § 29.

A contract, after providing for the exchange of certain real estate in the city of Chicago, contained the following provision:

"The wilful neglect or failure by either of the parties hereto to perform his or their respective parts of the undertaking hereunder is to subject such party to the payment of the sum of $1,500 fixed and liquidated damages to the party injured, and upon payment thereof this contract is to become null and void."

It contained a further provision by which each party was to deposit the amount of $1,500 in escrow. One of the parties refused to convey. An action for specific performance was begun, and it was held that specific performance would not be granted. The court said:

"By this contract the sum of $1,500 is not only fixed as liquidated damages to the party injured in case of nonperformance, but it is also provided that upon the payment of that sum the contract is to become null and void. . . . While it is not by express terms made an option contract, the language employed will admit of no other construction. By

electing to pay the penalty instead of complying with the other terms of the contract, and by tendering the money to appellant, appellees exercised the option given them, and the contract, by its terms, became null and void." *Davis v. Isenstein* (257 Ill. 260, 100 N. E. 540) 45 L. R. A. N. s. 52, and note. See, also, *Koch v. Streuter* (218 Ill. 546, 75 N. E. 1049) 21 L. R. A. N. s. 210.

In the present case it is to be noted that the plaintiff reserved the right to cancel the contract if she "finds conditions wrong." In this case, as in *Davis v. Isenstein, supra,* each party agreed to pay as liquidated damages the sum of $500 in case of default. We think under the language of this contract each party reserved the right to withdraw from the contract and upon refusal to convey became indebted to the opposite party in the sum of $500. The language, "if first party finds conditions wrong this contract is void," is ambiguous, but when applied to the situation as disclosed by the evidence it was inserted for the purpose of enabling the plaintiff, if the condition of the Chicago property was not as represented, to cancel the contract and relieve herself from the payment of the $500. If she failed to perform for any other reason the contract was to be binding. Upon the whole case we are satisfied that the right of the opposite party upon the default of one is measured and prescribed by the language of the clause stipulating the amount of the liquidated damages and that the trial court was in error in granting specific performance. In justice to the trial court it should be said that this subject was not urged upon his attention nor was it argued here. If the facts were not all here and the question presented simple and plain, we should follow the customary practice of ordering a re-argument, but we deem it unnecessary in this case.

*By the Court.*—Judgment reversed, and cause remanded for further proceedings according to law.

A motion for a rehearing was denied, with $25 costs, on February 7, 1922.