No. 23,738.

A. L. KNISELY, *Appellee,* v. CHARLES ROBINSON, *Appellant.*

SYLLABUS BY THE COURT.

1. SPECIFIC PERFORMANCE—*Sale of Real Estate—Forfeiture of Advance Payments.* The right to specific performance of a contract for the sale of real estate is not defeated by a provision therein that if the purchaser fail or refuse to accept the deed an advance payment, which was a relatively small amount, shall be forfeited to the seller.

2. SAME—*Provision for Forfeiture of Advance Payment Does Not Prevent Specific Performance.* Unless the contract contains an alternative provision showing that one of the parties had the right to perform the specified conditions or pay a certain sum in lieu of performance, the penalty mentioned therein will be regarded as a mere security for performance and if no other obstacle exists the contract will be specifically enforced.

Appeal from Seward district court; CHARLES E. VANCE, judge. Opinion filed May 6, 1922. Affirmed.

*L. A. Madison,* and *Carl Van Riper,* both of Dodge City, for the appellant.
*G. L. Light,* of Liberal, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: This was an action to specifically enforce a contract for the sale of real estate. Specific performance was adjudged and defendant appeals.

By the contract which was executed on August 28, 1920, A. L. Knisely sold and Charles Robinson purchased a property in Liberal for the sum of $9,000. It was stipulated that $300 should be paid in cash and deposited in a certain bank with a copy of the contract to be held until the completion of the transaction, $700 to be paid upon approval of the title by Robinson and the execution and delivery of a good and sufficient deed conveying the real estate. It was further stipulated that the balance of $8,000 was to be paid in eight yearly installments of $1,000 each, with eight per cent interest, and the unpaid balance to be secured by a first mortgage on the property. There was a stipulation that the purchaser should be given possession of the property not later than September 10, 1920. The $300 was paid and deposited in the bank. Shortly afterwards the plaintiff tendered an abstract and deed, conceded to be sufficient to convey a good title. Possession of the property was taken by the defendant and he leased it to another for a time and

Knisely v. Robinson.

retained the rentals collected. He instructed agents to sell a part of the property at the price he had agreed to pay and he stated to them that he would retain the remaining part as his profit in the transaction. He failed to make the stipulated payment and on October 17, 1920, he notified the plaintiff that he would forfeit the $300 that had been paid, but would not complete the transaction.

Defendant insists that it was optional with him to consummate the transaction or to forfeit the advanced payment of $300. One of the stipulations of the contract was:

"That should second party fail or refuse to accept deed according to the terms of this contract, the amount of money paid at the execution hereof shall be forfeited to first party."

It was competent for the parties to make an alternative agreement by which the purchasers are given the right to complete the purchase or to pay a stipulated amount of money by way of damages in place of performance, and where that is the agreement specific performance of the contract will not be decreed. The question in every case of this kind is, whether the provision for the forfeiture of a prescribed amount is made to secure performance or as a substitute for performance. If the stipulation shows that it was a mere penalty to secure compliance with the conditions of the contract a court will enforce it, but if it shows that it was alternative in character, giving the party the option to perform or pay a stipulated amount in lieu thereof, specific performance will be denied. In Fry on Specific Performance, 6th ed., p. 68, it is said:

"The simplest illustration of this is the ordinary case of a stipulation on the sale of real estate that if the purchaser fail to comply with the condition he shall forfeit the deposit, and the vendor shall be at liberty to resell and recover as and for liquidated damages the deficiency on such resale and the expenses. Such a condition has never been held to give the purchaser the option of refusing to perform his contract if he choose to pay the penalty, nor to stand in the way of specific performance of the contract." (See, also, *Koch v. Streuter*, 2 L. R. A., n. s., 210, and note; *Powell v. Dwyer*, 11 L. R. A., n. s., 978, and note; 36 Cyc. 570.)

An examination of the whole contract and the attending circumstances shows that it was not the intention of the parties that the purchaser might break the agreement by paying the penalty as the price of the breach. The penalty referred to in the contract which contained many stipulations, was an advance payment of the consideration of the purchase. The large amount involved in the pur-

chase, the surrender of possession, the collection of rental by the purchaser and the small penalty mentioned, indicate clearly enough that the contract was not alternative in character but was a mere security that the agreement would be carried out. As was said in *Lyman v. Gedney,* 114 Ill. 388:

"The mere fact that a contract stipulates for the payment of liquidated damages in case of failure to perform, does not prevent a court of equity from decreeing specific performance."

To secure an option for the performance of certain acts or, pay a specified sum of money, it is necessary that the contract shall contain in reasonably specific terms a provision giving an alternative to the purchaser to perform or pay a sum of money as damages in lieu of performance and the terms of the contract under consideration do not carry such an implication.

The judgment of the court must therefore be affirmed.