Dick v. Heisler, 184 Wis. 77.

DICK and others, Respondents, vs. HEISLER and another, Appellants.

*April 9—May 10, 1924.*

*Damages: Liquidated or penalty: On breach of contract to exchange property: Trial: General and special verdicts: Jury: Verdicts by less than twelve members: Constitutional law: Instructions: Harmless error.*

1. In an agreement for the exchange of properties, with incidental agreements, a provision that either party failing to carry out any of the "agreements" should pay a sum as liquidated damages refers to a breach of the whole agreement and not to a failure to comply with an incidental one.   p. 81.

2. Stipulated damages will be treated as liquidated unless grossly in excess of the actual damages or having no relation thereto. p. 82.

3. A stipulation for liquidated damages of $1,500, payable by the one failing to carry out an agreement for the exchange of properties valued at $30,000 and $14,000, respectively, is not a penalty.   p. 82.

4. This court must construe a statute as constitutional if reasonably possible to do so.   p. 86.

5. When a special verdict is submitted to the jury, the determination of one question, or of a number less than all submitted, does not constitute the verdict of the jury, but the determination of all ultimate controverted facts constitutes the verdict; and the ultimate result of a special verdict and a general verdict should be the same.   p. 85.

6. To be held constitutional, sec. 2857, Stats., adopted pursuant to an amendment (see ch. 504, Laws 1921) to sec. 5, art. I, Const., and which provides that a verdict or answer agreed to by five sixths of the jurors shall be the verdict, finding, or answer of the jury, must be construed to require that ten members of the jury must agree before a question can be answered, but the same ten must agree to each question before it can be answered.    p. 86.

7. An instruction that the jury might return a verdict, or make a finding, or answer any question submitted upon agreement of ten or more members, was harmless error where no poll of the jury was made and the verdict does not indicate that the jurors failed to agree in answer to any question therein, it being presumed that the jury were unanimous in answering the questions.    p. 87.

APPEAL from a judgment of the circuit court for Milwaukee county: GUSTAVE G. GEHRZ, Circuit Judge. *Affirmed.*

The action is brought to recover liquidated damages stipulated in a certain contract entered into between the parties. The plaintiffs, being the owners of a farm in the town of Granville, Milwaukee county, which together with the personal property thereon is worth approximately the sum of $30,000, entered into an agreement in writing with the defendants, the owners of real estate located in Milwaukee worth approximately $14,000, for an exchange of the farm and the personal property thereon for such city property.

The contract itself is simple and provides for a transfer of the farm and the personal property thereon to the defendants, subject to two mortgages which the defendants agreed to assume. The defendants agreed to transfer the city property free and clear of all incumbrances to the plaintiffs, and to pay the sum of $3,000 partly in cash upon the consummation of the agreement and the balance within sixty days thereafter. Each party also agreed to pay a commission to the agent, to furnish an abstract showing good and merchantable title, and to execute and deliver a warranty deed; the taxes, rents, and insurance to be adjusted as of

the date of the transfer.   The agreement also contained the following paragraph, to wit:

"It is expressly understood and agreed upon, and each of the parties bind themselves, their heirs or assigns, to carry out the above agreement, and in the event that either one should fail to carry out any of the agreements, the failing one is to pay in cash a liquidating damage of $1,500 to the willing parties, and also the full commission to H. C. Harloff due him."

Before the time arrived for the consummation of the agreement the defendants caused to be served upon the plaintiffs a notice in writing by which they canceled the same on the ground of certain alleged false and fraudulent representations.   Plaintiffs thereupon commenced this action for the recovery of the sum of $1,500 damages as stipulated in the contract, and, the defendants having pleaded as a defense the fraud above referred to, the cause was tried before a jury and submitted upon a special verdict, wherein the jury found: 1 (a) That the defendants did not make certain representations as to the amount of milk produced upon the farm; (b) that the plaintiffs falsely represented that a certain second mortgage would not become due and payable for three years; 2, that the defendants did not rely upon said false representations as to said mortgage and were not induced to enter into said contract by reason of such representations; and 4, that the defendants, in the exercise of ordinary care, ought to have ascertained the falsity of the representations as to said mortgage.

Upon such special verdict the court ordered judgment for the plaintiffs, and from such judgment so entered defendants appealed.

For the appellants there was a brief by *Lueck, Clark & Lueck* of Beaver Dam, and oral argument by *A. W. Lueck*.

For the respondents there was a brief by *Brennan, Lucas & O'Day* of Milwaukee, and oral argument by *Martin J. Brennan*.

DOERFLER, J.    Two assignments of error are relied upon by the defendants for a reversal of the judgment on this appeal:

(1) It is claimed that the damages stipulated in the agreement constitute a penalty and that, the plaintiffs having merely introduced the agreement and evidence of the breach thereof, no damages in excess of nominal damages can be recovered.  The issue under this assignment of error, therefore, involves a construction of the agreement of exchange, and particularly the paragraph above set forth referring to liquidated damages.  Specifically stated, it is the contention of defendants' counsel that the following provision in the agreement, "and in the event that either one should fail to carry out any of the *agreements,* the failing one is to pay in cash a liquidating damage of $1,500," etc., refers not only to the damages resulting from a breach of the agreement as a whole, but from a breach of any one or more of the terms, conditions, or covenants.

The paragraph as to damages above set forth is not couched in the most apt or accurate language.  The record clearly reveals that the defendants breached the agreement as a whole; but this fact would not be controlling if the agreement can be construed as contended for by defendants' counsel.  The paragraph above set forth first binds each of the parties to carry out the agreement.  In such provision it is made clear that the parties had in mind that each should carry out its agreement as a whole.  Then follows the provision for liquidated damages to be paid as a consequence for the failure to comply with the agreement.  The agreement itself consists of two parts, one referring to the obligation of the plaintiffs and the other to that of the defendants.  Under the agreement the failing party, by way of liquidated damages, obligated itself to pay the sum of $1,500 and the commissions. .  The amount of the damages stipulated would naturally negative the idea that such damages would accrue on the failure of either party to carry out one of the

numerous minor and incidental terms, conditions, or covenants provided for in the agreement; such, for instance, as the failure of the plaintiffs to furnish and deliver one of the items of personal property. The construction placed upon this agreement by defendants' counsel is strained and unwarranted. The paragraph above set forth must be construed together with the agreement as a whole, and a cardinal rule of construction would not permit a severance of a sentence or clause from the rest of the agreement for the purpose of arriving at a result different from that which is made manifest by the agreement taken as a whole. While the term "agreement" in the first clause is used in the singular, and while in the second clause it is referred to in the plural, it does not appear to us that the parties had in mind more than one agreement, or that they intended that the damages should follow upon the failure of the parties to comply with a portion of the agreement consisting of specific terms, conditions, or covenants. The fundamental thing attempted to be accomplished was the exchange of the properties, and under the agreement as executed each party assumed its own obligations. By the terms of the agreement each party agreed to pay certain commissions to the agent upon its consummation. On the other hand, in order that no expense in that behalf be incurred by the party not at fault, it was provided that the failing party should pay the entire commissions. This could only refer to a breach of the agreement as a whole, and not to a failure to comply with one of the terms or conditions specified in the agreement.

The exchange on the part of the plaintiffs involved the transfer of property approximately of the value of $30,000. Defendants' property had a value of about $14,000. Upon the basis of such valuations the agreement was entered into. Actual damages on a breach of an agreement like the one in question are not easily determined and are largely the subject of expert opinion evidence. Therefore it has become quite customary in agreements of this nature to

provide for stipulated damages, and such stipulated damages "will be treated as liquidated damages unless the amount appear to be grossly in excess of actual damages or have no relation thereto." *Dekowski v. Stachura,* 176 Wis. 154, 185 N. W. 549. Under the facts and circumstances of this case we cannot say that the stipulated damages are grossly in excess of the actual damages or that they have no relation thereto. In fact, it appears that defendants' counsel raise no question on the subject if the contract can properly be construed in accordance with the contentions of plaintiffs' counsel. The contract as a whole evidences quite clearly an intention to confine the willing party to its remedy for stipulated damages.

We have reviewed the decisions of this court referred to in the brief of appellants' counsel, viz.: *Lyman v. Babcock,* 40 Wis. 503; *Madison v. American S. E. Co.* 118 Wis. 480, 95 N. W. 1097, and we find that in each of these cases the agreement for stipulated damages materially differs from that included in the instant case. In the cases above referred to, the fixed damages had reference not only to a breach of the agreement as a whole, but to partial breaches or to any breach of a condition, term, or covenant. In these cases it was held in substance that where the damages are equally applicable to a breach of the agreement as a whole, or a part of the agreement, or a condition or covenant thereof, the amount stipulated as damages must be construed as a penalty. What has been said with reference to the Wisconsin cases cited is equally true of those referred to in other jurisdictions.

Bearing in mind the facts in the cases cited and those involved in the instant case, we can readily agree with the conclusions of the learned trial judge.

(2) Under the second assignment of error defendants' counsel contend that the court erred in instructing the jury as follows:

"The legislature has recently changed the law so as to

permit a jury in a civil case to return a verdict, or to make a finding, *or to answer any question submitted, when five sixths, or ten, or more,* members of the jury agree upon such verdict, finding, or answer."

The following instruction was given as to question No. 1:

"The burden of proof is upon the defendants to satisfy ten or more of you of the affirmative of this question and of each subdivision thereof to a reasonable certainty by a clear and satisfactory preponderance of the evidence. You will answer such of the subdivisions of the question 'Yes' as ten or more of you are satisfied to a reasonable certainty by a clear and satisfactory preponderance of the evidence should be so answered; but if ten or more of you are satisfied that, under the rule given as to the burden of proof, the answer as to either, or both, of said subdivisions of said question should be 'No,' you will answer such of them as to which you are so satisfied 'No.' "

As to the second question the court instructed:

"The burden of proof as to this second question is upon the defendants to satisfy ten or more of you to a reasonable certainty by a clear and satisfactory preponderance of the evidence that this question should be answered 'Yes.' If ten or more of you are so satisfied of the affirmative of this question, you will answer this question 'Yes;' but if ten or more of you are satisfied that, under the rule given you as to the burden of proof, the answer should be 'No,' you will so answer this question."

As to the third and fourth questions of the special verdict the court instructed:

"You will consider each of these questions separately. The burden of proof as to each of these questions is upon the plaintiffs to satisfy ten or more of you to a reasonable certainty by a preponderance of the evidence that those questions should be answered 'Yes.' You will answer such of those questions 'Yes' as ten or more of you are satisfied to a reasonable certainty by a preponderance of the evidence should be so answered; but if ten or more of you are satisfied that, under the rule given you as to the burden of proof,

the answer to either, or both, of said questions should be 'No,' you will answer such of them as to which you are so satisfied 'No.'"

Sec. 2857, Stats., reads as follows:

"A general verdict is one by which the jury pronounce generally upon all or any of the issues either in favor of the plaintiff or defendant. A special verdict is that by which the jury find the facts only, leaving the judgment to the court. Where upon the trial, the case presents only questions of law the court may, in its discretion, direct the jury to render a verdict subject to the opinion of the court. A verdict, finding or answer agreed to by five sixths of the jurors shall be the verdict, finding or answer of the jury."

Prior to the enactment of sec. 2857 it was necessary for the entire jury to agree upon a verdict, finding, or answer. The section referred to was passed by the legislature upon the adoption of the amendment to sec. 5 of art. I of the constitution of the state, which section as amended reads as follows:

"The right of trial by jury shall remain inviolate, and shall extend to all cases at law without regard to the amount in controversy; but a jury trial may be waived by the parties in all cases in the manner prescribed by law. Provided, however, that the legislature may, from time to time, by statute provide that a valid verdict, in civil cases, may be based on the votes of a specified number of the jury, not less than five sixths thereof."

The last sentence in the constitutional provision constitutes the amendment adopted in 1922, and we must therefore construe the statute with reference to such constitutional provision. It will be noted that the constitutional provision does not refer in express terms to a special verdict, or to the questions and answers of a special verdict, or to a finding or findings of the jury. The expression "a valid verdict in civil cases," etc., is used. The practice of submitting a special verdict has long been in vogue in this state and in many of the other states of the Union. "The right

of a jury to find a special verdict is a common-law right going back at least as far as 13 Edward I." 27 Ruling Case Law, 865; *Underwood v. People,* 32 Mich. 1; and note in 24 L. R. A. N. s. 1. In this state the right to a special verdict is made absolute if requested in time. *Gatzow v. Buening,* 106 Wis. 1, 81 N. W. 1003.

In answering questions of a special verdict the jury is required to find certain facts, and the questions of a special verdict are framed in such a manner as to present the ultimate controverted facts which when determined by the jury constitute its verdict, upon which, as a matter of law, the court bases its order for judgment.

Where two or more questions of a special verdict are submitted to a jury, the determination of one of such questions, or of a number less than the whole number submitted, does not constitute the verdict of the jury. The identical ultimate facts included in a special verdict are also involved in a general verdict, and the ultimate result in either event should be the same. By way of illustration, let us assume the ordinary suit for damages on account of an automobile collision, where the court submits a special verdict, which includes, first, the negligence of the defendant; second, the proximate cause of the injury; and third, the contributory negligence of the plaintiff. Under the instruction of the court as given in the instant case, ten jurors could agree and answer the first question in the affirmative, while two of the jurors voted in the negative. In answer to the third question, the two jurors voting in the negative on the first question could agree with eight of the jurors voting with the majority on the first question in a negative answer, and if the second question were answered in the affirmative, such answers would constitute the verdict of the jury upon the subject of liability, and the plaintiff would be entitled to recover.

Let us now assume that, instead of submitting a special verdict as above indicated, the court had submitted a general

verdict.   All of the ultimate facts involved in the special verdict are also included in the general verdict.   The court in instructing the jury would necessarily require a verdict of five sixths or more of the jurors.   In such a case, if the jury resolved the ultimate facts involved in the general verdict in the same manner as was done by the jury under the special verdict, the verdict would result in a disagreement. We have therefore concretely illustrated the error committed by the trial court in its instructions.

A situation may arise where a special verdict of twelve questions involving ultimate facts is submitted.   Eleven members of the jury may agree upon each question, leaving each member of the jury disagreeing as to one question. Under the instructions given by the court, the answers of the jury would constitute its verdict and would control the ultimate result.   We must construe the statute as constitutional if reasonably possible.   The term "verdict" as used in the statute implies not only a general verdict but a special verdict, and as so applied to a special verdict it includes all of the questions and answers of such special verdict; and we must hold that when the statute refers to the finding or answer it refers to a situation where but one finding or question is submitted.   It is only by giving the statute such construction that the same can be held constitutional.   As we construe the statute, ten members of the jury must agree before a question can be answered; but the same ten must agree to each question before it can be answered.   Where eleven agree to an answer of the question, one voting with the majority may disagree on another question, so as to permit the remaining eleven to answer such question; however, in answering the remaining questions, the ten jurors who voted with the majority in both questions must unite in their answers to all of the other questions.   Of course, a verdict may be arrived at if the same ten or eleven jurors agree in their answers to all of the questions.

We would suggest it as proper practice for the court to

instruct the jury that, where ten or eleven jurors agree on an answer to a question of the special verdict, the jury be required to designate the names of the jurors failing to agree on each question.  This will enable the court at a glance to ascertain whether or not all of the questions have been answered by the proper requisite number.

While the instructions of the court in the instant case are erroneous in the respects above indicated, we cannot say from the record that such error was prejudicial.  Counsel for the defendants had the right to have the jury polled upon the rendition of the verdict, which would have revealed the vote of each juror on each question.  The foreman who signs the verdict is the representative of the jury.  The verdict as returned does not on its face indicate that any members of the jury failed to agree in the answer to any question of the special verdict.  Under the verdict as returned, the presumption must necessarily be indulged in that the jury were unanimous in answering the questions. Under these circumstances, on the face of the verdict, we cannot say that the instructions resulted in prejudicial error.  The judgment must therefore be affirmed.

We realize that the construction herein placed upon the statute greatly enhances the difficulties of courts and juries in the performance of their duties in the trial of jury cases where special verdicts are submitted.  The situation presented was evidently not in the minds of the framers of this constitutional provision; but whatever may be our view upon this subject, we must construe the statute in accordance with the fundamental law as it exists.

*By the Court.*—Judgment affirmed.