LEEPER *v.* MORELOCK.

(*Knoxville*, September Term, 1934.)

Opinion filed November 30, 1934.

Fowler & Fowler and J. Alvin Johnson, all of Knoxville, for appellant C. E. Morelock.

Kennerly & Key, of Knoxville, for appellee J. T. Leeper.

Mr. Justice Chambliss delivered the opinion of the Court.

This is a suit for specific performance of a contract in writing between two parties owning a drug business and certain real estate by which one agrees to sell and the other to buy a one-half interest in the property for a consideration of $17,500 and the assumption of certain enumerated partnership debts. The chancellor decreed specific performance to complainant, Leeper, and the Court of Appeals has affirmed his decree. This court has granted petition for *certiorari*, and argument has been heard. Several insistences are made by petitioner.

The written instrument, executed in duplicate on the 22d day of February, 1928, sets forth in detail the agreement between the parties, "J. T. Leeper, party of the first part, and C. E. Morelock, party of the second part," and first provides that "the party of the first part agrees to buy and the party of the second part agrees to sell a one-half interest in all of the partnership business owned by them, including a brick building in which same is conducted," and other real estate described, and that "the party of the first part agrees to pay the party of the second part for said interest within thirty days from

the date hereof, the sum of $17,500 and assume the payment of notes aggregating $10,000.00,'' describing these notes, and providing also that "the party of the first part' agrees to assume all outstanding obligations'' and is to receive all accounts payable to the partnership. There next follows a provision that the party of the first part may at his expense have a full audit of the books, and the party of the second part agrees to co-operate in furnishing necessary records to the auditor, and that, if it should appear from this audit that the party of the second part has not fully accounted for any proceeds of the business, then the parties shall select arbitrators, whose findings in writing shall be final and binding, and that, if it should appear that the second party is indebted to the first party, then such indebtedness shall be credited upon the consideration price, but it was provided that no audit should be commenced "until the party of the first part has paid over to the First National Bank of Lenoir City, Tennessee, to be held in escrow, the consideration price of $17,- 500 hereinbefore mentioned; said sum to be held by said escrow trustee until completion of the audit and any resultant arbitration.'' It was further provided that the arbitration agreement should be executed within fifteen days from the completion of the audit. The three final paragraphs of the written agreement were as follows:

"The party of the second part agrees when the party of the first part has complied with his part of said agreement to make, execute and deliver all necessary deeds, papers, writings and transfers of every kind and character necessary to fully vest in the party of the first part all of his right, title, claim and interest in and to said partnership and all of its assets.

"The party of the first part agrees that he will not

offer said store for sale or undertake to sell same until the purchase money herein mentioned has been either paid over to the party of the second part or deposited in escrow.

"It is a further part of this agreement that each of the parties hereto has agreed that Five Hundred Dollars ($500.00) is and will be liquidated damages sustained by the other in the event of a failure to carry out this contract, which amount will be deposited at the time of the signing of this agreement with the First National Bank of Lenoir City, Tennessee, to be held in escrow, and in the event of a failure by either party to fully perform the conditions of this contract, said escrow trustee will pay over to the other party not failing to perform his part of the contract said escrow deposit."

Petitioner, in some twelve paragraphs, assigns errors to the decree of the Court of Appeals which may be summarized as follows: It is insisted that (1) specific performance should not have been granted because by the concluding clause of the contract either party had the option to consummate the deal or pay to the other party the $500 deposit as liquidated damages for failure to perform, it being alleged and proven that the defendant elected to forfeit the $500 and so notified complainant; (2) the right to specific performance did not apply because the arbitration clause had not been complied with; (3) the suit did not lie because complainant did not deposit the agreed consideration of $17,500, or tender the same before or upon the filing of the bill, and that he had not assumed liability for the $10,000 of outstanding notes referred to in the contract; (4) specific performance was inequitable on the facts shown; (5) an allowance on account of a check of $1,342.80 was improper and not sup-

ported by any evidence; (6) interest should have been allowed from one or another of several specified dates; and (7) the costs of the appeal should not have been charged to the defendant.

The opinion of the Court of Appeals is full and explicit in its findings, and after a full consideration of the record we find it unnecessary to add anything to what has been said in that opinion with respect to the questions raised under the headings above enumerated as 2 to 7, inclusive. Several of these issues are foreclosed in this court by the findings of the lower courts, including the disposition of costs; interest, and the specific item of $1,342.80. And we have found no difficulty in reaching a like conclusion to that announced by the Court of Appeals with respect to the objection made to the lack of arbitration, or the alleged failure of the complainant to pay in or tender the consideration of $17,500. We are content to refer to and concur in the reasoning and conclusions of the Court of Appeals with respect to these matters.

The question made under the first of the assignments, with respect to the legal effect to be given the concluding paragraph of the contract, does not appear to have been heretofore passed upon in any reported case in this state, and it was, as indicated from the bench upon the argument, chiefly with a view to affording opportunity for further discussion of this question that the petition was granted. However, after full argument and upon a full review of the authorities outside of Tennessee, both text-book and decision, we are of opinion that the holding of the Court of Appeals with respect to this point is sustained by the great weight of modern authority and must be affirmed.

In passing upon this question, the Court of Appeals had this to say:

"The proof shows that defendant on February 27, notified complainant that he would repudiate the contract and forfeit the $500.00. He repeated this in writing on March 14th. He did not insist on complainant complying with the contract or refuse to execute deed and transfer because complainant had not tendered the purchasing money, but relied solely upon his right to forfeit the $500.00 and refuse to carry out the contract. The provision for $500.00 as liquidated damages did not preclude the complainant from seeking a specific performance. *Asia Investment Co.* v. *Levin*, 118 Wash., 620, 204 P., 808 [32 A. L. R., 578]; *Stewart* v. *Griffith*, 217 U. S., 323 [30 S. Ct., 528, 54 L. Ed., 782, 19 Ann. Cas., 639]; *Knickerbocker Life Ins. Co.* v. *Norton,* 96 U. S., 234 [24 L. Ed., 689]; *Brown* v. *Norcross*, 59 N. J. Eq., 427 [45 A., 605]; *Daily* v. *Litchfield*, 10 Mich., 29; *Koch* v. *Streuter*, 218 Ill., 546 [75 N. E., 1049, 2 L. R. A. (N. S.), 210]; Waterman on Specific Performance, sections 21, 22.

" 'Where a contract for the conveyance of land provided that if either party should fail to perform, he should forfeit a certain sum as liquidated damages, this provision was not the exclusive remedy for breach of the contract, and did not prevent the party not in default from enforcing specific performance. *Kettering* v. *Eastlack*, 130 Iowa, 498 [107 N. W., 177, 8 Ann. Cas., 357].' "

██ █ It will be seen that the concluding citation of the Court of Appeals is to the case of *Kettering* v. *Eastlack*. The agreement construed in that case was very similar to that now before us, and the opinion of the Iowa court is so directly in point that we quote from and adopt it, as follows:

"In the body of the contract to convey, and after the specific provisions as to subject-matter, time, etc., is the following: 'It is further agreed that if either party to this contract shall fail to perform it according to its terms and tenor, and the other party is ready to perform it according to its terms and tenor, then the party so failing shall forfeit to the party who has not failed the sum of $500 as liquidated damages.' Counsel for appellant contend that, in view of this provision for liquidated damages, plaintiff is not entitled to specific performance, but is limited to his remedy at law. If the contract were in the alternative, so that the defendants had the option of conveying or paying a stipulated sum by way of liquidated damages, then, no doubt, it would be improper for a court of equity to interfere. *Amanda Gold Mining, etc., Co.* v. *People's Mining, etc., Co.*, 28 Colo., 251, 64 P., 218; *Armour* v. *Connolly* (N. J. Ch.), 49 A., 1117; 1 Pomeroy, Equity Jur. (3 Ed.), sec. 447. But the mere fact that liquidated damages are provided for as a part of the contract does not convert it into an optional contract under which the obligor is entitled to relieve himself from the duty of specific performance by paying the liquidated damages. Where it is apparent that the intention was that the obligor convey, and the provision for damages or penalty is simply a means of securing conveyance, the obligor cannot relieve himself from the duty to convey, which equity will enforce, by tendering payment of the penalty or damages. *Lyman* v. *Gedney*, 114 Ill., 388, 29 N. E., 282, 55 Am. Rep., 871; *O'Connor* v. *Tyrrell*, 53 N. J. Eq., 15, 30 A., 1061; *Brown* v. *Norcross*, 59 N. J. Eq., 427, 45 A. 605; *Phœnix Ins. Co.* v. *Continental Ins. Co.*, 87 N. Y., 400; *Hull* v. *Sturdivant*, 46 Me., 34; *Dewey* v. *Bulkley*, 1 Gray (Mass.), 416; *Plun-*

*kett* v. *Methodist Epis. Soc.*, 3 Cush. (Mass.), 561. It is plain in this case that the contract was to convey, and not primarily to pay damages. If the plaintiff had sought relief in an action at law, he no doubt would have been limited to the recovery of the damages stipulated; but there is nothing in the contract to indicate that plaintiff should be confined to his remedy at law and denied his equitable right to enforce specific performance.''

In *Koch* v. *Streuter*, 218 Ill., 546, 75 N. E., 1049, 1051, 2 L. R. A. (N. S.), 210, also cited by the Court of Appeals, the provision relied on, in resistance of specific performance read:

"It is further agreed that, if either party hereto fails to keep or perform the covenants hereinabove specified, said party so defaulting shall forfeit to the other the sum of $1,000, said sum being the agreed liquidated damages.'' The rule was invoked, as in the case at bar, that, ''When the parties have agreed upon the compensation of the breach, or, what is the same thing in principle, provided the means by which it may be obtained, the necessity of the interference of a court of chancery no longer exists, and the jurisdiction of such court falls to the ground.'' But the court replied that in a court of chancery (as distinguished from proceedings at law on such a contract), ''the question is whether one certain act shall be done, or whether one of two things shall be done at the election of the party who is to perform the contract.'' This is another form of statement of the recognized alternative rule.

*Gronowski* v. *Josefowicz*, 291 Ill., 266, 126 N. E., 108, is a case sometimes cited as illustrative of the class of cases in which specific performance is refused when a forfeiture deposit has been made, but an examination

shows that the court expressly approved the rule as stated in *Lyman* v. *Gedney*, 114 Ill., 388, 29 N. E., 282, 55 Am. Rep., 871, but denied the relief largely on its finding of inequities in the transaction and evidence that the forfeiture notes were executed under an express oral agreement amounting to an option.

In *Knisely* v. *Robinson*, 111 Kan., 300, 206 P., 877, 878, the court approves this expression from *Lyman* v. *Gedney, supra,* as a statement of the general rule:

"The mere fact that a contract stipulates for the payment of liquidated damages in case of failure to perform, does not prevent a court of equity from decreeing a specific performance." And the Kansas court adds this pertinent observation: "To secure an option for the performance of certain acts or pay a specified sum of money, it is necessary that the contract shall contain in reasonably specific terms a provision giving an alternative to the purchaser [and this seems equally applicable to the vendor] to perform or pay a sum of money as damages in lieu of performance and the terms of the contract under consideration do not carry such an implication."

*Brown* v. *Friedberg*, 127 Va., page 1, 102 S. E., 468, 469, is in point. A clause of the contract of bargain and sale read: "Should either of the parties to this agreement fail to comply with the terms thereof, then the party so failing hereby agrees to pay to the other, or one complying with said terms, the sum of $500 as liquidated damages for the breach of this agreement." Referring to the "approved rule" that equity may decree specific performance of a contract of sale which also provides for payment of a sum of money, "whether by way of penalty or damages," to secure the performance, the court says, "but if the contract is in the alternative, and provides for

the performance of either one of two things . . . then equity will not decree specific performance of the contract to convey,'' and cites 25 R. C. L., sec. 29, p. 230; *Koch* v. *Streuter*, 218 Ill., 546, 75 N. E., 1049, 2 L. R. A. (N. S.), 210; *Davis* v. *Isenstein*, 257 Ill., 260, 100 N. E., 940, 45 L. R. A. (N. S.), 52, note. In that case the court said that the $500 provision was inserted at the suggestion of the vendor to enforce the vendee's compliance, and not as an alternative option. So in the instant case it appears that the provision for the forfeiture was inserted at the instance of the vendor.

*Dekowski* v. *Stachura*, 176 Wis., 154, 185 N. W., 549, 550, is a case applying the option or alternative rule precluding the remedy of specific performance. The language employed and construed was, ''Further it is agreed by Joseph Stachura and his wife to pay in cash money to Rose Dekowski $500 exchange and if first party finds conditions wrong this contract is void.'' The court stressed the words ''finds conditions wrong.'' The court found the language ambiguous, but held it to have been inserted for the purpose of enabling the plaintiff, if the condition of the property was not as represented, to cancel the contract. If she failed to perform for any other reason, the contract was to be binding. This conditional stipulation created an alternative which the party had reserved the right to elect.

Another leading case announcing the rule that an express stipulation for liquidated damages is no bar to specific performance is *Hooker* v. *Pynchon*, 8 Gray (Mass.), 550. In 32 A. L. R., beginning at page 584, a very full annotation will be found, and in 3 A. L. R. 576, the annotation deals specifically with the question as to

whether or not the provision of the contract relied on is an option, as is contended in the case at bar.

We are not unmindful of the rule that the contract is to be viewed as a whole and in the light of the circumstances surrounding its execution, with a view to determining what was the intention of the parties, and we have been careful to give application to this element and insistence, but we have been unable to find any indication here of an intention to limit the remedy and right of the purchaser to the liquidated damages provided for. We are of opinion that the primary purpose was to contract for a sale and incidental winding up of the partnership relations which, according to this record, had reached a condition so obviously unsatisfactory as to preclude the possibility of harmonious continuance. We are constrained to concur with the conclusion reached by the chancellor, affirmed by the Court of Appeals, that the equities required a decree for a specific performance of the contract, and the decree of the Court of Appeals must be affirmed.